McCORD, Chief Judge.
This is an appeal in a malpractice action from a final judgment entered following a directed verdict against appellants who were plaintiffs below. Appellants allege that negligent acts of appellees, in treating appellant Daisy Alma Gatlin’s injured foot have increased the severity of the injury and the pain associated with it.
Appellant, Mrs. Gatlin, was injured when she fell from a ladder. She called her family doctor, appellee Willard R. Gatling, M.D., whose office was closed at the time, but she talked with his nurse, Mrs. Blasingame, who advised her to go to the emergency room for treatment. At the emergency room of St. Luke’s Hospital Association, appellee, she was treated by Robert L. Jones, M.D., of Physician’s Emergency Service, appellee. She was subsequently treated by Dr. Gatling and thereafter by a Jacksonville orthopedist, a Dr. Pujadas. Subsequently, some 10 months after suffering the injury, Mrs. Gatlin, on advice of her attorney, and, according to her testimony, on recommendation of a friend in Tampa, was examined by Dr. Lee J. Cordrey, an orthopedic surgeon in Tampa. Dr. Cordrey’s deposition is the central issue on this appeal. He was Mrs. Gatlin’s only expert witness in support of her claim. Large portions of his testimony were stricken by the trial court. With that testimony excluded, the defendant’s motion for directed verdict made at the conclusion of the plaintiff’s case was granted.
The trial court correctly ruled that Dr. Cordrey was an examining physician rather than a treating physician and that the portions of his testimony which were based upon the history of the case as related to him by Mrs. Gatlin were not admissible. Although Mrs. Gatlin contends she went to Dr. Cordrey for treatment and that he was, therefore, a treating physician, we find no abuse of discretion by the trial court in ruling that Dr. Cordrey was not a treating physician. He only saw her on one day and only examined her. The trial court correctly sustained objections to the portions of Dr. Cordrey’s testimony which were predicated upon Mrs. Gatlin’s history as related to him by her. Marshall v. Papineau, 132 So.2d 786 (Fla. 1 DCA 1961).
We have a more serious problem, however, with the testimony of Dr. Cordrey in response to hypothetical questions asked by Mrs. Gatlin’s attorney beginning on page 19 and ending on page 35 of his deposition. With the exception of the last two pages thereof, we find that the trial court erred in striking this testimony. The last two pages dealt with Dr. Cordrey’s qualifications to testify that the standards of hospitals in the Jacksonville area are substantially the same as the standards of hospitals in the Tampa area. Such testimony was inadmissible because he was unable to testify with certainty that they were substantially the same.
The stricken testimony prior to the last two pages should have been admitted. It dealt with whether or not the ap-pellee doctors and their nurses, in their treatment of Mrs. Gatlin, failed to use reasonable and ordinary care and treatment prevailing in the community. The questions asked Dr. Cordrey, while not models of the form of questions which should be asked in this regard, were not objected to individually as they were asked (with one exception toward the end of the questioning). They were objected to at trial, and the trial court sustained them. Had they been objected to when asked, Mrs. Gatlin’s attorney would have had an opportunity to reframe them. Appellant’s attorney did periodically during the questioning tie them together with the doctor’s testimony that the care given did not meet the community standards for ordinary care, or that to meet the community standards, additional treatment should have been given. Under these circumstances, appellees waived appellant’s failure to properly frame each individual question. Fla.R.Civ.P. 1.330(d)(3)(B).
Appellants also contend that the trial court erred in striking much of the deposition cross-examination of Dr. Cordrey; that under Fla.R.Civ.P. 1.330(a) the testimony was admissible. This action at the time of the trial court’s ruling was not error *461 because at that time the disallowed cross-examination related to direct testimony of Dr. Cordrey which had been stricken. Had this testimony been taken at trial and the direct testimony stricken there, appellees could not have cross-examined on nonexistent direct testimony. To rule otherwise would require a party to cross-examine on deposition at his peril. Here, however, as the case now stands with our ruling that a portion of Dr. Cordrey’s direct testimony was erroneously stricken, the trial court on remand should re-evaluate the cross-examination and allow such parts thereof as relate to the direct testimony which we have ruled admissible.
Appellants also contend that expert testimony was not necessary in this case in order for appellants to prevail because from the evidence presented the question of negligence may be determined by the jury from common knowledge and experience. Our ruling admitting Dr. Cordrey’s answers to the hypothetical questions of the deposition renders this issue moot.
Reversed for a new trial.
MELVIN, J., concurs.
BOYER, J., concurs in part and dissents in part.