673 So.2d 548 (1996)
DAYTONA BEACH GERIATRIC CENTER and Preferred Works, Inc., Appellants,
v.
Thomas R. LINEHAN, Appellee.
No. 95-2821.
District Court of Appeal of Florida, First District.
May 20, 1996.
*549 John R. Darin, II of Darin & Associates, P.A., Maitland, for Appellants.
Jerold Feuer, Miami, and Sylvan Wells, Daytona Beach, for Appellee.
PER CURIAM.
The employer and carrier (E/C) appeal a final workers' compensation order which determined the claimant was permanently and totally disabled and which awarded the claimant attorney's fees. We affirm in part and reverse in part.
The claimant injured his back on November 16, 1992 in a compensable accident. The claimant began receiving temporary total disability benefits on November 17, 1992. The claimant was released to work on July 22, 1993, with a 10% permanent partial impairment and work restrictions. The claimant then began receiving wage loss benefits on July 23, 1993. With the exception of one two-week period, the claimant received wage loss benefits from that date until the date of the hearing, which was held on July 13, 1995.
The claimant filed petitions for benefits on July 21, 1994, and November 29, 1994. The petitions sought permanent total disability benefits as of September 15, 1993. The petitions also sought penalties, interest, attorney's fees, and costs. The E/C asserted that the claimant was not permanently and totally disabled and therefore no interest, attorney's fees, and costs were owed. After a hearing, the judge of compensation claims found the claimant to be permanently and totally disabled as of the date of the July 13, 1995 hearing. Although the judge of compensation claims found the claim for interest to be without merit because he determined that the hearing date was the appropriate date to commence the award of permanent total disability benefits, he awarded attorney's fees based on the "21-day rule."
Section 440.34(3)(b), Florida Statutes (1991), provides that a claimant shall be entitled to recover a reasonable attorney's fees from a carrier or employer "[i]n any case in which the employer or carrier fails or refuses to pay a claim filed with the division which meets the requirements of s. 440.19(1)(e) on or before the 21st day after receiving notice of the claim, and the injured person has employed an attorney in the successful prosecution of his claim." Section 440.19(1)(e), Florida Statutes (1991), provides, in part, that a "claim may contain a claim for both past benefits and continuing benefits in any benefit category, but is limited to those in default and ripe, due, and owing on the date the claim is filed." Section 440.19(1)(e) also provides that "[n]otwithstanding the provisions of s. 440.34, a judge of compensation claims shall not award an attorney's fee or penalties based on a claim for benefits that does not satisfy the requirements of this subsection."
As noted above, the July 21, 1994, petition alleged that claimant was permanently and totally disabled as of September 15, 1993. The judge of compensation claims found no permanent total disability benefits were ripe, due, or owing as of the date the petition was filed. The finding that claimant was permanently and totally disabled was based on the totality of the job search up to the date of the July 13, 1995 hearing, twelve months after the petition was filed and twenty-one months later than the date alleged in the petition. We conclude that an award of attorney's fees in this situation does not comply with sections 440.19(1)(e) and 440.34. While benefits *550 may mature and become due following the filing of a claim, thereby commencing the running of the 21-day period for payment, National Distributing Co. v. Campbell, 632 So.2d 647 (Fla. 1st DCA 1994), no determination of the passage of 21 days without payment could be made on the record in this case because the time would not commence until the date of the hearing and the close of the evidence.
Accordingly, the award of attorney's fees is reversed. In all other respects, the order on appeal is affirmed.
BARFIELD, ALLEN and KAHN, JJ., concur.