695 So.2d 895 (1997)
LAKELAND REGIONAL MEDICAL CENTER and Commercial Risk Management, Inc., Appellants,
v.
Marsha J. MURPHY, Appellee.
No. 96-3109.
District Court of Appeal of Florida, First District.
June 23, 1997.
*896 David J. Williams of Ross, Williams & Deal, Lakeland, for Appellants.
H. Guy Smith of Smith & Feddeler, P.A., Lakeland, for Appellee.
PER CURIAM.
The employer and carrier (E/C) appeal a workers' compensation order awarding the claimant temporary total disability benefits from January 30, 1995 through the date of the hearing and continuing, ordering the E/C to pay for past and future treatment provided by Dr. Gonzalez, and ordering the E/C to pay for an MRI prescribed by Dr. Martinez. We reverse.
In awarding benefits, the judge of compensation claims (JCC) relied upon the opinions of Dr. Gonzalez, Dr. Martinez, Dr. Barclay, and Dr. McClane. We conclude that the JCC improperly admitted and relied upon these medical opinions. The medical opinions admissible in a proceeding before a JCC are limited to the opinions of (1) a medical advisor appointed by the JCC or division; (2) an independent medical examiner; or (3) an authorized treating provider. § 440.13(5)(e), Fla. Stat. (1995).
With regard to Dr. Gonzalez, the authorized treating physician recommended in a report that claimant be seen by a psychiatrist. Two days after receiving this report, the E/C wrote to claimant's attorney offering either Dr. Fessler or Dr. Forman, and asking that the adjuster be contacted if claimant was interested in being evaluated by either of these psychiatrists so that an appointment could be scheduled. Instead of responding to the letter from the E/C, the claimant's attorney scheduled an appointment with Dr. Gonzalez. Upon receipt of a bill for Dr. Gonzalez, the E/C again on July 14, 1995 offered either Dr. Fessler or Dr. Forman. The claimant continued to treat with Dr. Gonzalez.
The claimant first consulted Dr. Martinez, a neurologist, on April 3, 1995. On April 10, *897 1995, an MRI was performed based on a prescription issued by Dr. Martinez. On April 19, 1995, the claimant returned to the authorized treating orthopedist, who recommended a second opinion by a neurologist or internist. The claimant returned to Dr. Martinez on May 4, 1995. On May 9, 1995, the claimant requested authorization and payment for treatment with Dr. Martinez through a Request for Assistance. On May 12, 1995, the E/C wrote claimant's attorney regarding the request for a neurologist and offered either Dr. Newman or Dr. Rydell. The adjuster testified that she spoke to someone in the claimant's attorney's office who was to inform her once a decision had been made as to which physician to see, and an appointment would then be set up. In a May 23, 1995 letter, the claimant's attorney was again advised that Dr. Martinez was not authorized. On May 30, 1995, the claimant filed a Petition for Benefits requesting past and future medical treatment with Dr. Martinez. The claimant has continued to treat with Dr. Martinez.
The claimant consulted Dr. Barclay, a neurologist, on March 13, 1996. Dr. Barclay testified that the claimant was referred by her attorney. Dr. Barclay was not aware of the E/C being contacted for authorization prior to the time she saw the claimant.
The JCC erroneously determined that both Dr. Gonzalez and Dr. Martinez were authorized by operation of law because an appointment was never scheduled with a neurologist and an appointment was not scheduled with a psychiatrist until almost four months after the request. Colace v. Hamlet Estates, Ltd., 573 So.2d 994 (Fla. 1st DCA 1991) (The E/C responded appropriately to the claimant's requests for additional treatment by repeatedly offering evaluations by alternative physicians.); Chase v. Henkel & McCoy, 562 So.2d 831 (Fla. 1st DCA 1990) (If the E/C authorizes alternative care, and the parties do not agree to a treating doctor, in a non-emergency situation it is the claimant's burden to seek a decision through the JCC or risk being required to pay the bill.).
The JCC also erroneously concluded that the claimant had the authority to authorize a health care provider pursuant to section 440.13(5)(e), and had authorized Dr. Gonzalez, Dr. Martinez, and Dr. Barclay. The term "authorized treating provider" means a treating provider authorized by the E/C. Rucker v. City of Ocala, 684 So.2d 836 (Fla. 1st DCA 1996).
Because Dr. Gonzalez was not authorized, the JCC erred in ordering the E/C to pay for past and future treatment by Dr. Gonzalez. Because Dr. Martinez was not authorized and the claimant did not receive authorization for the MRI prescribed by Dr. Martinez prior to the procedure, the JCC erred in ordering the E/C to pay for the April 10, 1995 MRI. Because Dr. Gonzalez, Dr. Martinez, and Dr. Barclay did not fall into any of the categories under section 440.13(5)(e), the JCC erred in admitting their medical opinions. See Union Camp Corp. v. Hurst, 696 So.2d 873 (Fla. 1st DCA 1997).
The JCC also erred in admitting the opinions of Dr. McClane. The claimant requested an independent medical examination (IME) with Dr. McClane on November 6, 1995. The E/C failed to respond to the request, and the claimant's attorney scheduled an appointment with Dr. McClane on January 15, 1996. The JCC noted that there was a dispute concerning medical benefits and disability, entitling the claimant to select an independent medical examiner pursuant to section 440.13(5). The JCC determined that by failing to respond to the request, the E/C denied the request.
The JCC concluded that when the E/C refuses to provide an IME upon request, the claimant has the right to proceed with obtaining the IME subject to the JCC at a later date determining the reasonableness and medical necessity of the examination. We reject the JCC's analysis under the circumstances. Although section 440.13(5) enables an employee to select an independent medical examiner, section 440.13(5)(c) provides that an "attorney representing a claimant is not authorized to schedule independent medical evaluations under this subsection." The claimant should have followed the procedures set forth in sections 440.191 and 440.192, if necessary.
*898 Accordingly, because the order on appeal is premised upon inadmissible testimony, we reverse and remand for further proceedings consistent with this opinion.
BARFIELD, C.J., and KAHN and DAVIS, JJ., concur.