702 So.2d 1356 (1997)
Danette WASHINGTON, Appellant/Cross-Appellee,
v.
ORANGE COUNTY SCHOOL BOARD and United Self-Insured Services, Appellees/Cross-Appellants.
No. 96-4611.
District Court of Appeal of Florida, First District.
December 18, 1997.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant/Cross-Appellee.
*1357 Cheryl Crant and Timothy F. Stanton of Moore & Peterson, Orlando, for Appellees/Cross-Appellants.
BARFIELD, Chief Judge.
The claimant appeals, and the employer/servicing agent (E/SA) cross-appeals, a workers' compensation order in which the judge of compensation claims (JCC) denied the claimed benefits but found that the claimant's attorney was entitled to a fee for securing an independent medical examination. Only one issue raised merits discussion.
The claimant had accidents or injuries both prior to and subsequent to the industrial accidents. At the hearing, the claimant's attorney objected to introduction of depositions of physicians who had treated the claimant for the non-industrial injuries. The JCC erroneously declared these physicians to be "medical advisors" and admitted the depositions.
Section 440.13(5)(e), Florida Statutes (Supp.1994), provides: "No medical opinion other than the opinion of a medical advisor appointed by the judge of compensation claims or division, an independent medical examiner, or an authorized treating provider is admissible in proceedings before the judges of compensation claims." This provision, when read in context with chapter 440 in its entirety, clearly refers to an "expert" or "division" medical advisor. Omission of the word "expert" or "division" in this one provision appears to be the result of legislative oversight.
This error does not, however, require reversal. In the pretrial stipulation, the claimant stipulated that all depositions taken would be used at final hearing. See Citrus World, Inc. v. Mullins, 22 Fla. L. Weekly D2444, ___So.2d ___ (Fla. 1st DCA, Oct.15, 1997).
The remaining issues raised on appeal and the issue raised on cross-appeal are without merit. Accordingly, the order on appeal is AFFIRMED.
ERVIN and BENTON, JJ., concur.