705 So.2d 636 (1998)
Walter SORIANO, Appellant,
v.
GOLD COAST AERIAL LIFT, INC., and Riscorp, Appellees.
No. 97-374.
District Court of Appeal of Florida, First District.
January 21, 1998.
Rehearing Denied February 19, 1998.
*637 Mark N. Tipton, Ocala, for Appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for Appellees.
ERVIN, Judge.
This is an appeal of an order of the judge of compensation claims (JCC) denying a motion for attorney's fees filed by claimant, Walter Soriano. We affirm the JCC's denial of fees as it pertained to obtaining authorization of an orthopedic surgeon, because there was competent, substantial evidence (CSE) that Soriano's employer, Gold Coast Aerial Lift, Inc., and its carrier, Riscorp, Inc. (collectively, the E/C), satisfied the obligation to provide this benefit to the claimant. We reverse, however, the JCC's denial of fees in regard to obtaining authorization of a neurosurgical evaluation, because, contrary to the JCC's opinion, Soriano's request for such authorization was ripe at the time he filed his petition for benefits.
Soriano sustained an industrial injury on June 6, 1995, when he injured his low back while operating a crane for the employer. Dr. Medero, an occupational medicine specialist, diagnosed mild sciatica, prescribed medication and bed rest, and ordered an MRI, which showed a bulging disc at L4/S5 with nerve root encroachment. Dr. Medero recommended physical therapy and epidural injections, but the therapy did not help and Soriano refused the injections because of a fear of needles. Dr. Medero referred him to Dr. Rubin, a neurologist, for EMG and nerve conduction studies, and the E/C authorized such treatment. The EMG revealed denervation in the right leg, and in his report dated July 20, 1995, Dr. Rubin recommended epidural injections to relieve pain, but "[i]f this is not feasible because of his resistance or if the symptoms worsened, neurosurgical consultation should then be strongly considered." Dr. Medero, on the other hand, believed that Soriano reached maximum medical improvement in September 1995, and that he was not a surgical candidate, thus consultation with a neurosurgeon was not necessary.
Soriano sought authorization of a neurosurgeon for evaluation and treatment, and filed a petition for such benefit, which the E/C denied, stating no evidence was adduced that a neurosurgeon was needed. Soriano also sought authorization for treatment by an orthopedic surgeon. The E/C responded by offering four orthopedists. Claimant testified *638 that he agreed to consult Dr. Shaw, one of the four, but the record contains a response from his attorney declining to visit any of the four and asking instead for treatment by a different physician. Soriano thereafter filed a petition for benefits seeking authorization of an orthopedic surgeon, which the E/C denied, replying that Soriano had refused the services of four offered orthopedists.
A court-ordered mediation conference was held December 21, 1995, whereupon the parties agreed, among other things, that the E/C would authorize a neurosurgical evaluation with Dr. Berry Kaplan to explore the need for surgery, and would authorize Dr. Oregon Hunter, a physiatrist, to serve as Soriano's principal treating physician instead of Dr. Medero.
Subsequently, Soriano sought attorney's fees under section 440.34(3)(b), Florida Statutes (1995),[1] which the JCC denied. Because Dr. Medero had testified that a neurosurgical consultation was not medically necessary, the JCC concluded that claimant's petition for benefits seeking authorization for such was not ripe under section 440.192(3), Florida Statutes (1995), which provides:
A petition for benefits may contain a claim for past benefits and continuing benefits in any benefit category, but is limited to those in default and ripe, due, and owing on the date the petition is filed.
As to the petition for authorization of an orthopedic surgeon, the JCC concluded that the E/C acted appropriately in offering a selection of four physicians, and that Soriano provided no reason for declining the offer.
Regarding the first point, the JCC erroneously equated ripeness with medical necessity. Ripeness refers to "a real, substantial controversy which is definite and concrete rather than hypothetical or abstract." Hallandale Prof. Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 760 (11th Cir.1991). Here, Dr. Rubin, an authorized treating physician, recommended a neurosurgical consultation if Soriano refused to receive epidural injections. The fact that Dr. Medero had a different opinion as to the necessity of such a procedure does not render Soriano's request "unripe." Indeed, two months after Dr. Medero stated in his deposition that no neurosurgical consultation was necessary, the E/C agreed in mediation to authorize one, and it does not contend on appeal that Soriano's medical condition had changed in any way by the time of mediation.
The case the JCC cited for support on this point, Daytona Beach Geriatric Center v. Linehan, 673 So.2d 548 (Fla. 1st DCA 1996), is distinguishable. There, Linehan sought permanent, total disability benefits commencing September 15, 1993, a year before he filed his petition for benefits, but there is no mention in the opinion that any physician ever considered him permanently and totally disabled (PTD). Indeed, the JCC considered him PTD commencing July 13, 1995, the date of the hearing, based upon an unsuccessful work search, rather than on any medical evidence. As a result, this court determined that his claim for such benefits was not ripe when he filed it on July 21, 1994. In contrast, Soriano requested a neurosurgical evaluation based upon the recommendation of his authorized physician, thus establishing a definite, rather than abstract controversy, which was fully ripe once he filed his petition for benefits.
As to the second point, the JCC had CSE to deny fees to Soriano for his attorney's effort in obtaining authorization of an orthopedist, because the record shows that the E/C offered him four orthopedic physicians upon request, and Soriano's attorney declined them all and sought treatment from another physician. Under section 440.13(2)(c), Florida Statutes (1995), the E/C has the right to select a treating physician for a claimant, and the claimant may seek substitution of a physician of claimant's choice only if the E/C fails to provide the treatment or care requested within a reasonable time.
Because the record establishes that Soriano's attorney successfully obtained a neurosurgical evaluation for his client after the E/C's denial, Soriano is entitled to an attorney's fee for this obtained benefit. § 440.34(3)(b), Fla. Stat. (1995).
*639 AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
KAHN and DAVIS, JJ., concur.
NOTES
[1] That provision authorizes fees when the claimant's attorney successfully prosecutes a claim which the E/C had denied.