718 So.2d 210 (1998)
CLAIRSON INTERNATIONAL and Crawford and Company, Appellants,
v.
Alfred ROSE, Appellee.
No. 97-2512.
District Court of Appeal of Florida, First District.
July 29, 1998.
*211 Mark A. Massey of McCarty, Helm, Keeter, Marion, Standley, Davis & O'Connor, P.A., Ocala, for Appellants.
Richard A. Sicking of Coral Gables, for Appellee.
BENTON, Judge.
Alfred Rose's former employer, Clairson International, and its servicing agent, Crawford and Company, appeal a compensation order, contending that section 440.13(5)(e), Florida Statutes (Supp.1994), required the judge of compensation claims to exclude the testimony of an unauthorized treating physician whose deposition was allowed in over objection at hearing. The judge of compensation claims found that an industrial accident occurred on September 27, 1994. We conclude that, in the circumstances of the present case, objection to a physician's testimony made for the first time at hearing came too late, and affirm.
Mr. Rose did not immediately associate back pain he was experiencing with the twinge he had felt on September 27, 1994, while lifting shelves at work. When, before making the connection, he sought medical care for his back, he was referred to a neurosurgeon, James Freeman. Later, after deciding his injury was work related, Mr. Rose asked his former employer (and its servicing agent) to authorize Dr. Freeman to treat his back, but they refused to authorize any physician to treat him.
Instead they controverted Mr. Rose's claim for benefits, contending his back pain was not related to his employment. In the compensation order under review, however, the judge of compensation claims found Mr. Rose's back pain was attributable to an injury he suffered in the course and scope of his employment.
At the merits hearing for the first time, appellants' counsel objected to any use of Dr. *212 Freeman's deposition testimony on the ground he was neither an appointed expert medical advisor, nor a designated independent medical examiner, nor an authorized treating physician. Without ruling on this objection, the judge of compensation claims appointed Dr. Freeman an expert medical advisor and permitted Mr. Rose to designate Dr. Freeman as his independent medical examiner then and there. The judge of compensation claims overruled the ensuing objections that the appointment was improper (absent evidence that Dr. Freeman qualified as an expert medical advisor) and that any request to designate Dr. Freeman as an independent medical examiner was untimely.

I.
The Workers' Compensation Law renders certain medical opinion testimony inadmissible. Ch. 93-415, § 17, at 105, Laws of Fla. "No medical opinion other than the opinion of a medical advisor appointed by the judge of compensation claims or division, an independent medical examiner, or an authorized treating provider is admissible in proceedings before the judges of compensation claims." § 440.13(5)(e), Fla. Stat. (Supp.1994). Unless a physician is a duly appointed expert medical advisor, an independent medical examiner, or an authorized treating physician, section 440.13(5)(e), Florida Statutes (Supp. 1994), requires that the physician's expert medical opinion be excluded from evidence. See Washington v. Orange County Sch. Bd., 702 So.2d 1356, 1357 (Fla. 1st DCA 1997) (expert medical advisors); Union Camp Corp. v. Hurst, 696 So.2d 873, 875 (Fla. 1st DCA 1997) (independent medical examiners); Rucker v. City of Ocala, 684 So.2d 836, 839-40 (Fla. 1st DCA 1996), review dismissed, (689 So.2d 1071 (Fla.1997) (authorized treating providers)).
Neither the former employer nor its servicing agent ever authorized Dr. Freeman to treat Mr. Rose. See Union Camp Corp. Here, as in Washington, the "JCC erroneously declared [Dr. Freeman] to be [a] `medical advisor[].'" 702 So.2d at 1357. Nor can we countenance a retrospective designation of an independent medical examiner, so as to render admissible, over timely objection, a physician's deposition taken before he was designated an independent medical examiner. An independent medical examiner is defined as "a physician selected by either an employee or a carrier to render one or more independent medical examinations in connection with a dispute arising under this chapter." § 440.13(1)(j), Fla. Stat. (Supp.1994). This definition contemplates selection before evaluation, even if evaluation occurs in response to questions asked on deposition.

II.
In the pretrial stipulation, Mr. Rose had listed Dr. Freeman as a witness whose deposition might be offered at the merits hearing. The employer and its servicing agent stated no objection in the pretrial stipulation to use of Dr. Freeman's deposition and listed him as a witness they might call themselves.
Witnesses must be listed and the parties are to "stipulate and admit to such facts and documents as will avoid unnecessary proof." Fla. R. Work. Comp. P. 4.045(h)(2). But neither the rule nor the form impose a clear obligation to state objections to witnesses or exhibits listed in a pretrial stipulation.[1]
Indeed, although a "party may be required to provide a statement of subject matter of the expected testimony of one or more witnesses," Florida Rule of Workers' Compensation 4.045(h)(4), no such requirement was imposed here. To the extent Dr. Freeman's testimony was adduced on purely factual matters, moreover, it was not objectionable under section 440.13(5)(e), Florida Statutes (Supp.1994), which pertains only to "medical opinion." Appellants' failure to object in the *213 pretrial stipulation to Dr. Freeman's medical opinion testimony did not, therefore, waive any objection.

III.
Whether the employer and its servicing agent waived the right to object at the merits hearing by failing to object when Dr. Freeman's deposition[2] was taken is, however, a separate question. At the deposition (which was taken after the pretrial stipulation was executed), Dr. Freeman's qualifications as an expert were not called into question. Florida Rule of Civil Procedure 1.330(d)(3) provides:
(A) Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one that might have been obviated or removed if presented at that time.
No objection of any kind was lodged to the competency of Dr. Freeman's medical opinion testimony in the course of the deposition. At the time the deposition was taken Mr. Rose had named no other independent medical examiner (and he did not name any subsequently).
Whether "the ground of the objection is one that might have been obviated or removed if presented at" the deposition turns on what is required to designate a physician as an independent medical examiner.[3] The Workers' Compensation Act addresses independent medical examinations in section 440.13(5), Florida Statutes (Supp.1994), which provides, in part:
(a) In any dispute concerning ... compensability... under this chapter, the carrier or the employee may select an independent medical examiner. The examiner may be a health care provider treating or providing other care to the employee....
(b) Each party is bound by his selection of an independent medical examiner and is entitled to an alternate examiner only if:
1. The examiner is not qualified to render an opinion upon an aspect of the employee's illness or injury which is material to the claim or petition for benefits;
2. The examiner ceases to practice in the specialty relevant to the employee's condition;
3. The examiner is unavailable due to injury, death, or relocation outside a reasonably accessible geographic area; or
4. The parties agree to an alternate examiner.
Any party may request, or a judge of compensation claims may require, designation of a division medical advisor as an independent medical examiner....
(c) The carrier may, at its election, contact the claimant directly to schedule a reasonable time for an independent medical examination. The carrier must confirm the scheduling agreement in writing within 5 days and notify claimant's counsel, if any, at least 7 days before the date upon which the independent medical examination is scheduled to occur. An attorney representing a claimant is not authorized to schedule independent medical evaluations under this subsection.
(d) If the employee fails to appear for the independent medical examination without good cause and fails to advise the physician at least 24 hours before the scheduled date for the examination that he cannot appear, the employee is barred from recovering compensation for any period during which he has refused to submit to such examination. Further, the employee shall reimburse the carrier 50 percent *214 of the physician's cancellation or no-show fee unless the carrier that schedules the examination fails to timely provide to the employee a written confirmation of the date of the examination pursuant to paragraph (c) which includes an explanation of why he failed to appear.
Subsubsection (5)(a) authorizes either side to choose an independent medical examiner. Subsubsection (5)(b) deals principally with alternate independent medical examiners. Subsubsections (5)(c) and (d) describe procedures for scheduling appointments for claimants and sanctions for failing to keep appointments.
In the present case, no independent medical examination was scheduled. Seeking treatment, Mr. Rose scheduled the initial appointment with Dr. Freeman before he suspected that he had suffered an injury at work. No attorney was involved. These circumstances distinguish the present case from Lakeland Regional Medical Center v. Murphy, 695 So.2d 895 (Fla. 1st DCA 1997), and the circumstances found to be determinative there.[4] A more important distinction is that selecting Dr. Freeman as an independent medical examiner at the time of his deposition would not have entailed scheduling any appointments for the claimant.
If objection had been made to the competence of Dr. Freeman's medical opinion testimony before he gave it, it would have been open to Mr. Rose to designate him an independent medical examiner.[5] Once selected as an independent medical examiner, Dr. Freeman could have rendered an independent evaluation and his medical opinion testimony would have been admissible. We emphasize that Mr. Rose had selected no other independent medical examiner. If the same objection made at the merits hearing had been made at Dr. Freeman's deposition "the ground of the objection is one that might have been obviated or removed." Fla. R. Civ. P. 1.330(d)(3)(A).

IV.
In this respect, the present case resembles Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978), where the trial court overruled objection to a deposition made on grounds the deponent was not competent to give expert testimony. On appeal, the court said:
If defendants had raised objections at the time of deposition on the grounds stated in their in-court objections and in this appeal, plaintiffs might have been able to obviate or cure any alleged deficiencies.... Since the required objections were not timely raised, defendants will not be allowed to profit by their own omissions, and we find no prejudicial error in the admission of this witness' deposition. Florida Rule of Civil Procedure 1.330(d)(3)(A) and (B); Evans *215 v. Perry, 161 So.2d 27 (Fla. 2d DCA 1964).
358 So.2d at 1382. See also Weyant v. Rawlings, 389 So.2d 710 (Fla. 2d DCA 1980); Gatlin v. Argonaut Ins. Co., 360 So.2d 459 (Fla. 1st DCA 1978). In deciding to consider the deposition, the judge of compensation claims reached the correct result. See In Re Estate of Yohn, 238 So.2d 290, 295 (Fla.1970) ("[I]f the lower court assigns an erroneous reason for its decision the decision will be affirmed where there is some other different reason or basis to support it.").
The appointment of Dr. Freeman as an expert medical advisor and his retrospective designation as an independent medical examiner were ineffective. But the failure to object to Dr. Freeman's competence as an expert witness, at or before the time his deposition was taken, precluded objection at hearing, for the first time, on grounds he was not competent to testify as an expert because he was not an independent medical examiner. Having selected nobody else as his independent medical examiner, Mr. Rose could have designated Dr. Freeman as his independent medical examiner, if objection had been made before his opinion was elicited on deposition.
Affirmed.
BOOTH and VAN NORTWICK, JJ., concur.
NOTES
[1] In keeping with Florida Rules of Workers' Compensation Procedure Form 4.910, the pretrial stipulation provided: "Any issue not specifically raised in [the claims and defenses] section will be deemed waived and abandoned unless good cause is shown." Such waivers of claims or defenses not listed in the pretrial stipulation are routinely upheld. See, e.g., Oak Constr. Co. v. Jackson, 522 So.2d 1068, 1072 (Fla. 1st DCA 1988); McKenzie Tank Lines, Inc. v. McCauley, 418 So.2d 1177, 1180 (Fla. 1st DCA 1982). But listing a witness does not raise a claim or defense.
[2] Florida Rule of Workers' Compensation Procedure 4.055(d)(1) specifies that depositions "may be taken and used in proceedings under chapter 440 ... in the same manner ... as provided in the Florida Rules of Civil Procedure."
[3] We are not here concerned with any effort at retrospective authorization of a treating physician of the kind that proved ineffective in Union Camp Corp. Our decision in Washington controls on the ad hoc appointment of an expert medical advisor, and suggests that the lack of such an appointment should not be viewed as readily curable. On this assumption, the question boils down to whether, if objection to medical opinion testimony had been lodged at Dr. Freeman's deposition, the failure to designate him as an independent medical examiner "might have been obviated."
[4] In Lakeland Regional Medical Center v. Murphy, 695 So.2d 895 (Fla. 1st DCA 1997), an employee requested an independent medical examination by one Dr. McClane. Receiving no response from the employer or its insurance carrier, the claimant's attorney made an appointment with Dr. McClane for Mr. Murphy's evaluation. We said:

The JCC concluded that when the E/C refuses to provide an IME upon request, the claimant has the right to proceed with obtaining the IME subject to the JCC at a later date determining the reasonableness and medical necessity of the examination. We reject the JCC's analysis under the circumstances. Although section 440.13(5) enables an employee to select an independent medical examiner, section 440.13(5)(c) provides that an "attorney representing a claimant is not authorized to schedule independent medical evaluations under this subsection." The claimant should have followed the procedures set forth in sections 440.191 and 440.192, if necessary.
Id. at 897. The narrow focus of the opinion was the statutory prohibition against counsel's scheduling examinations. Read more broadly, Lakeland Regional makes subsubsection (5)(c) (and by implication subsubsection (5)(d)) applicable, whether the claimant or the carrier selects the independent medical examiner.
[5] An independent medical examiner need not examine the injured employee personally if reports of others' examinationsor the examiner's own prior experience with the injured employeepermit "objective evaluation" of the medical condition. The Workers' Compensation Law defines an independent medical examination as "an objective evaluation of the injured employee's medical condition." § 440.13(1)(k), Fla. Stat. (Supp.1994). Nothing in the Act requires that an independent medical examination be performed by an examiner who is not already familiar with the injured employee's medical condition. § 440.13(5)(a), Fla. Stat. (Supp.1994).