JOANOS, J.
Nita Richardson, the claimant in this workers’ compensation case, appeals an order denying her claim for attorney’s fees incurred in obtaining an independent medical examination over the opposition of employer/carrier (E/C). Under the JCC’s interpretation of section 440.13(5)(f), Florida Statutes (Supp.1994), a workers’ compensation claimant is not entitled to an attorney’s fee payable by E/C with respect to an independent medical examination. We disagree, and reverse the order denying the claimant’s motion for an attorney’s fee.
Claimant filed a petition for benefits, requesting authorization of an independent medical examination with Dr. Antonio Aldrete for continuing symptoms associated with her work-related injury of May 3, 1994. Claimant also sought attorney’s fees and costs based on a medical-only claim under section 440.34(3)(a), Florida Statutes (Supp.1994).[1] E/C opposed claimant’s request for an independent medical examination on numerous grounds, including the assertion that no attorney fees are due in connection with an independent medical evaluation. In furtherance of that position, E/C continued their opposition to the independent medical examination for the ensuing eight months. During that period, four depositions were taken, requiring the attendance of claimant’s attorney. E/C took the depositions of three medical providers, and claimant’s attorney took the deposition of the carrier’s adjuster. On the day before the scheduled hearing on claimant’s petition, E/C agreed to the independent medical examination requested by claimant. Claimant’s attorney construed the language of section 440.13(5)(f) to mean that an attorney’s fee is not due if the claimant attempts to fight an independent medical examination sought by E/C, but a fee should be payable by E/C to claimant’s attorney when the attorney is successful in obtaining an independent medical examination which E/C opposed and delayed. The JCC interpreted the provision to mean that a claimant can never recover an attorney’s fee from E/C in connection with an independent medical examination.
While we recognize the provision here at issue is not a model of clarity, we must reject the JCC’s construction. Even if this were a proper literal reading of the provision, when read in the context of subsection (5) in its entirety, the interpretation leads to an unreasonable or absurd result. The subject matter of section 440.13(5) is the general rights and obligations of the parties with regard to independent medical examinations. See Southern Bakeries v. Cooper, 659 So.2d 339, 340 (Fla. 1st DCA 1995). Subparagraph (a) permits either the carrier or the employee to select an independent medical examiner in a dispute concerning over utilization of benefits. Subparagraph (b) provides that each party is bound by his or her selection of an independent medical examiner, and establishes the conditions under which an alternate examiner may be allowed. Sub-paragraph (c) provides that a carrier may contact the claimant directly to schedule a reasonable time for an independent medical examination. Subparagraph (d) provides the sanctions that may be imposed *592 upon the claimant for failure to appear for the independent medical examination without good cause. Subparagraph (e) enumerates the three categories of medical opinions admissible in a workers’ compensation proceeding. See Washington v. Orange County School Board, 702 So.2d 1356, 1357 (Fla. 1st DCA 1997). Subpara-graph (f), the contested provision, states:
(f) Attorney’s fees incurred by an injured employee in connection with delay of or opposition to an independent medical examination, including, but not limited to, motions for protective orders, are not recoverable under this chapter.
Read together with the other provisions of section 440.13(5), particularly with subpar-agraph (e), subparagraph (f) precludes recovery of attorney’s fees incurred by an injured employee in those situations where the employee delays or opposes an independent medical examination sought by E/C. The provision does not preclude an attorney’s fee to an injured employee who seeks an independent medical examination, and then incurs attorney’s fees due solely to E/C’s opposition.
Recent workers’ compensation decisions issued by this court illustrate this preferred construction and application of section 440.13(5)(f). For example, in Soriano v. Gold Coast Aerial Lift, Inc., 705 So.2d 636 (Fla. 1st DCA 1998), E/C denied the claimant’s request for evaluation and treatment by a neurosurgeon, but acceded to the claimant’s request for treatment by an orthopedist. At a subsequent court-ordered mediation, the parties agreed the E/C would authorize a neurosurgical evaluation. Soriano sought attorney’s fees under section 440.34(3)(b) for successful prosecution of a claim which the E/C denied. The JCC denied the claim for attorney’s fees, finding E/C acted appropriately in offering a selection of four orthopedists, and the claim for neurosurgical evaluation was not ripe, because the prior treating physician concluded a neurosurgical consultation was not medically necessary. This court approved the denial of an attorney’s fee for claimant’s success in obtaining authorization of an orthopedist, because E/C offered four physicians upon request, and Soriano’s counsel declined the physicians offered by E/C. However, with regard to the claimant’s request for a neu-rosurgical evaluation, the court held:
[bjecause the record establishes that So-riano’s attorney successfully obtained a neurosurgical evaluation for his client after the E/C’s denial, Soriano is entitled to an attorney’s fee for this obtained benefit.
705 So.2d at 638.
Similarly, in Washington, the opening paragraph of the opinion states in pertinent part:
The claimant appeals, and the employer/servicing agent (E/SA) cross-appeals, a workers’ compensation order in which the judge of compensation claims (JCC) denied the claimed benefits but found the claimant’s attorney was entitled to a fee for securing an independent medical examination. ... (Emphasis supplied).
702 So.2d at 1357. The issue decided in Washington concerned the JCC’s admission, over claimant’s objection, of depositions of physicians who had treated claimant for non-industrial injuries. The JCC viewed the physicians as “medical advis-ors” and admitted the depositions. The court deemed the JCC’s conclusion was erroneous, because section 440.13(5)(e), Florida Statutes (Supp.1994), identifies admissible medical opinions in a workers’ compensation proceeding as those rendered by a physician appointed by the JCC or division, an independent medical examiner, or an authorized treating provider. The error in Washington did not require reversal, since in the pre-trial stipulation the claimant stipulated that all depositions taken would be used at final hearing. Accordingly, the Washington panel affirmed as to the remaining issues raised on appeal and the single issue raised in the cross-appeal. Significantly, while the issue before us in this case was not directly addressed and decided in Washington, the *593 Washington panel affirmed the JCC’s award of an attorney’s fee to claimant’s attorney for securing an independent medical examination which had been opposed by E/C. 702 So.2d at 1357.
Thus, this court consistently has applied section 440.13(5)(f) as precluding an attorney’s fee only when the injured employee opposes and delays E/C’s effort to obtain an independent medical examination. See Delgado v. J.C. Concrete, 721 So.2d 353, 353 (Fla. 1st DCA 1998)(section 440.13(5)(f) disallows recovery for attorney’s fees by an injured employee opposing an independent medical examination). Conversely, when the E/C opposes and delays an injured employee’s effort to obtain an independent medical examination, and the employee incurs attorney’s fees occasioned by E/C’s opposition, the injured employee is entitled to recovery of an attorney’s fee.
In this case, E/C opposed the claimant’s request for an independent medical examination by a physician of her choosing. After depositions were taken, and on the day before the final hearing, E/C agreed to authorize the independent medical examination requested by claimant. Because E/C forced claimant to incur attorney’s fees in litigation of the independent medical examination issue, section 440.13(5)(f) may not be construed to preclude an attorney’s fee to claimant’s attorney. In accordance with the decisions in Soriano and Washington, claimant is entitled to an attorney’s fee under section 440.34(3)(a), Florida Statutes (Supp.1994), for successfully obtaining an independent medical examination for the injured employee, which examination E/C affirmatively opposed and delayed.
Accordingly, the order denying an attorney’s fee to claimant’s attorney in connection with the independent medical examination is reversed, and the cause is remanded for further proceedings to determine a reasonable attorney’s fee for claimant’s attorney.
ALLEN and KAHN, JJ., CONCUR.

. Section 440.34(3)(a), provides:
(3) If the claimant should prevail in any proceedings before a judge of compensation claims or court, there shall be taxed against the employer the reasonable costs of such proceedings, not to include the attorney’s fees of the claimant. A claimant shall be responsible for the payment of his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
(a) Against whom he successfully asserts a claim for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident;