PER CURIAM.
In this workers’ compensation case, appellant, Tammy Shea, challenges the order of the judge of compensation claims (JCC). Specifically, Shea raises two points: (1) the JCC erred in denying her request for authorization of Dr. Vinsant and payment of his bills and (2) the JCC erred in refusing to adjust her average weekly wage (AWW). We affirm the second point without further discussion. On the first point we reverse and remand for further proceedings.
On December 12, 1995, the claimant, Tammy Shea, slipped and fell while working as a waitress for the employer. On April 3, 1996, Shea filed a petition for benefits seeking, among other things, authorization of Dr. John Vinsant and payment of Dr. Vinsant’s bills. Shea indicated in her petition that she “was never given a doctor when requesting one from her employer and had to seek the services, on her own, of Dr. John Vinsant, M.D.”
In the Pre-Trial Stipulation, the parties agreed that a compensable accident occurred on December 12, 1995. The E/C *511 raised several defenses to Shea’s claims regarding Dr. Vinsant:
1) The E/C is not responsible for the medical bills of Dr. Vinsant because the Claimant sought medical care with Dr. Vinsant on January 3, 1996 without requesting authorization from the E/C. E/C has authorized treatment for the Claimant at Memorial Hospital. Furthermore, the E/C has authorized Dr. Schecter to evaluate and treat the Claimant.
2) Dr. Vinsant did not provide the appropriate notification of initial treatment to the Carrier in accordance with the statute.
3) The E/C notified Dr. Vinsant that he was not authorized, but the Claimant continues to treat with this doctor, and Dr. Vinsant continues to treat the Claimant without authorization.
4) The Claimant was treated by Dr. Schecter on January 25, 1996. However, the Claimant has failed to follow up with Dr. Schecter.
5) The Claimant has failed to follow up with the appropriate authorized treating health care providers.
Hearings took place before the JCC on July 16,1997, and April 6,1998.
At the beginning of the merits hearing on July 16, 1997, Shea sought to introduce into evidence the deposition testimony of Dr. Vinsant. The E/C objected because Dr. Vinsant was an unauthorized medical provider. In a merits order rendered May 19, 1998, the JCC made no findings regarding the request for authorization of Dr. Vinsant and payment of his bills; rather, the JCC indicated only that she had granted the E/C’s objection to the admission of Dr. Vinsant’s deposition. In the decretal portion of the order, the JCC denied the claim for authorization of and payment for past treatment by Dr. Vin-sant.
Although Shea argues on appeal that she designated Dr. Vinsant as her IME during the first merits hearing (after his deposition had been taken), this court has indicated that such a retrospective designation is impermissible. See Clairson International v. Rose, 718 So.2d 210, 212 (Fla. 1st DCA 1998) (“Nor can we countenance a retrospective designation of an independent medical examiner, so as to render admissible, over timely objection, a physician’s deposition taken before he was designated an independent medical examiner ...”). Dr. Vinsant was not a medical advisor, an IME physician, or an authorized treating provider. Accordingly, but for the Clairson decision, Dr. Vinsant’s testimony would not be admissible in proceedings before the JCC. See § 440.13(5)(v), Fla. Stat. (1995). Nevertheless, in this case, as in Clairson, no objection was made to Dr. Vinsant’s competence as an expert witness at or before the deposition. Following Clairson, the E/C could not raise the objection at the hearing. The JCC, therefore, erred in excluding Dr. Vinsant’s deposition.[1] We must reverse and remand this case for further proceedings.[2]
On remand, the JCC should determine whether Shea was entitled to seek alternative treatment with Dr. Vinsant. Pursuant to section 440.13(2)(a), Florida Statutes (1995), the E/C must provide “medically *512 necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require....” If the JCC determines the E/C provided such “medically necessary remedial treatment, care, and attendance” within a reasonable time period, authorization of an alternative physician and payment for past treatment would not be appropriate. See § 440.13(2)(c), Fla. Stat. (1995); Soriano v. Gold Coast Aerial Lift, Inc., 705 So.2d 636, 638 (Fla. 1st DCA 1998) (“Under section 440.13(2)(c), Florida Statutes (1995), the E/C has the right to select a treating physician for a claimant, and the claimant may seek substitution of a physician of claimant’s choice only if the E/C fails to provide the treatment or care requested within a reasonable time.”).
REVERSED and REMANDED with directions.
WOLF, KAHN, and PADOVANO, JJ., CONCUR.

. To be effective under Clairson, an objection must be made before the deposition or, at the latest, prior to the rendition of any medical opinion testimony. See § 440.13(5)(e), Fla. Stat. (1995). The objecting party might send the following letter before the deposition:
Dear Counsel:
You have noticed a deposition of Dr. Smith, an unauthorized physician. I do not know whether this deposition is for discovery purposes or for use at trial. Please be advised
that because you have not designated Dr. Smith as an IME physician, I object to the admission of his medical opinion testimony at trial pursuant to section 440.13(5)(e), Florida Statutes.
Sincerely,
Opposing Counsel

. We have no reason to envision application of the Clairson rule beyond the workers' compensation arena.