795 So.2d 155 (2001)
Charles GRIFFIN, deceased, By and Through Carol E. GRIFFIN, personal representative of the estate of Charles Griffin, Appellant,
v.
J.B. HUNT TRANSPORT and Ward North America, Appellees.
No. 1D00-2840.
District Court of Appeal of Florida, First District.
September 4, 2001.
*156 Sylvan A. Wells of Sylvan A. Wells, P. A.. Daytona Beach, for Appellant.
Alan J. Landerman of Parker, Landerman & Parker, P.A., Orlando, for Appellees.
David C. Hawkins, Senior Attorney, Florida Department of Labor and Employment Security, Tallahassee, for Amicus Curiae, Division of Workers' Compensation.
KAHN, J.
In this workers' compensation case, appellant argues that the judge of compensation claims (JCC) should not have allowed into evidence the testimony and opinions of Dr. Daniel Hal Silcox, III. The employer/carrier (E/C) had selected Dr. Silcox, who is not licensed in Florida, to perform an independent medical examination (IME). Appellant timely objected to Dr. Silcox's competence to render an opinion as an IME physician. See Clairson Int'l v. Rose, 718 So.2d 210, 212-13 (Fla. 1st DCA 1998). In the course of considering this matter, we issued an order requiring the Division of Workers' Compensation (Division) to file a brief addressing the question of whether Dr. Silcox could properly serve as an IME physician. The Division filed a brief supporting the JCC's decision. Because the JCC did not err in admitting Dr. Silcox's testimony, we affirm.
Section 440.13(1)(k), Florida Statutes (1999), defines "independent medical examination" as "an objective evaluation of the injured employee's medical condition, including, but not limited to, impairment or work status, performed by a physician or an expert medical advisor at the request of a party, a judge of compensation claims, or the division to assist in the resolution of a dispute arising under this chapter." (emphasis added). Section 440.13(1)(j), Florida Statutes (1999), defines "independent medical examiner" as "a physician selected by either an employee or a carrier to render one or more independent medical examinations in connection with a dispute arising under this chapter." (emphasis added). Finally, section 440.13(1)(r), Florida Statutes (1999), defines "physician" or "doctor":
"Physician" or "doctor" means a physician licensed under chapter 458, an osteopathic physician licensed under chapter 459, a chiropractic physician licensed under chapter 460, a podiatric physician licensed under chapter 461, an optometrist licensed under chapter 463, or a dentist licensed under chapter 466, each of whom must be certified by the division as a health care provider.

(emphasis added). Thus, as appellant asserts, these statutes require that an IME physician be licensed under chapter 458 and certified by the Division as a "health care provider."
It is undisputed that Dr. Silcox is not licensed under chapter 458. We conclude, however, that Dr. Silcox is exempt from the licensing provisions in chapter 458 because he is licensed in Georgia and, in performing the IME, he acted within the scope of his practice. See § 458.303(1)(a), (b), Fla. Stat. (1999) (excluding from provisions of chapter 458 "[o]ther duly licensed health care practitioners acting within *157 their scope of practice authorized by statute" and "[a]ny physician lawfully licensed in another state or territory or foreign country, when meeting duly licensed physicians of this state in consultation"). We also conclude, as argued by the E/C and the Division, that Dr. Silcox need not be certified by the Division because, in performing the IME, he was providing medical services outside the State of Florida. See Fla. Admin. Code R. 38F-53.002(3)(d) (providing that "[h]ealth care providers of medical services rendered outside the State of Florida" are not required to be certified).
AFFIRMED.
POLSTON, J., concurs, ERVIN, J., dissents with opinion.
ERVIN, J., dissenting.
I respectfully dissent. I would reverse the order allowing into evidence the deposition testimony of Dr. Silcox, because he was not an independent medical examiner, as defined by the statutes and rules referred to in the majority's opinion. The rule has long been established that if the language of a statute conveys a clear and definite meaning, there is no need to resort to rules of statutory construction, because to do otherwise results in an abrogation by the judiciary of the legislative power. See Nicoll v. Baker, 668 So.2d 989 (Fla.1996); Holly v. Auld, 450 So.2d 217 (Fla.1984). The requirement that an independent medical examiner be licensed under chapter 458, Florida Statutes, and certified by the Division of Workers' Compensation, is clearly and unambiguously stated in section 440.13(1)(r), Florida Statutes (1999).
Dr. Silcox is not licensed under chapter 458, and the fact that he is a licensed physician in the state of Georgia does not authorize him to act as an independent medical examiner in Florida, the provisions of section 458.303(1)(a) and (b), Florida Statutes (1999),[1] notwithstanding. Neither of these subsections appears to have any applicability to the procedure afforded via independent medical examinations. Subsection (1)(a) appears to exempt from the licensure requirements of chapter 458 those health care practitioners other than physicians. Under the majority's construction of this provision, physicians licensed in other states would be permitted to practice medicine in Florida without regulation. On the contrary, subsection (1)(b) provides that the only means by which an out-of-state physician may engage in the practice of medicine in this state without a Florida license is when such physician is acting in consultation with a licensed Florida physician. This is underscored by Florida Administrative Code Rule 64B8-2.001(8), which provides: "The term `consultation,' as used in Section 458.303(1)(b), Florida Statutes, encompasses the actions of a physician lawfully licensed in another state, territory or foreign country." Subsection (1)(b) can hardly be deemed relevant to requests for independent medical examinations, designed to resolve "disputes" between authorized health care providers.
Even if it could arguably be said that sections 440.13(1)(j) and (r), and 458.303(1)(a) and (b), read in pari materia, are ambiguous, thereby requiring resort to extrinsic aids, another long-standing rule of construction recognizes that a special statute covering a particular subject controls over a general statutory provision covering the same or other subjects in *158 general terms. See McKendry v. State, 641 So.2d 45 (Fla.1994); Adams v. Culver, 111 So.2d 665 (Fla.1959). Because there is no reasonable inference derived from the general language in the above statutes that the exclusionary provisions were intended to relate to independent medical examinations, I would, as an alternative basis for reversal, apply the latter rule to them.
The majority also concludes that under Florida Administrative Code Rule 3853.002(3)(d),[2] out-of-state health care providers are not required to be certified. In my judgment, this authority has no applicability to independent medical examiners. Florida's Administrative Procedure Act, section 120.52(8), Florida Statutes (1999), empowers agencies to "adopt only rules that implement or interpret the specific powers and duties granted by the enabling statute." Moreover, statutory language generally describing powers of an agency "shall be construed to extend no further than implementing or interpreting the specific powers and duties conferred by the same statute." Id. See generally Southwest Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594 (Fla. 1st DCA 2000) (discussing scope of administrative rulemaking authority under 1999 law). Rule 38F-53.002(3)(d), dealing generally with the subject of requirements for certification of health care providers, cites sections 440.13(3)(a) and 440.591, Florida Statutes, as specific authorities for its adoption, and sections 440.13(3) and 440.13(13), as the laws it implements, none of which pertains to the procedure afforded by section 440.13(5) for independent medical examinations. Indeed, the Division of Workers' Compensation appeared as amicus curiae in this case, and although it noted that rule 38F-53.002(3)(a) exempts "[h]ealth care providers rendering emergency services and care" from the certification requirement, the Division did not assert that paragraph (3)(d) had any application to the situation at bar. Presumably, "medical services" encompasses actual treatment and care, rather than expert opinion.
To conclude, there is nothing in any of the above authorities remotely suggesting that an independent medical examiner may be a person other than a physician licensed in the state of Florida. If the legislature had intended to accord the privilege to both the employer and the employee to seek out a physician licensed anywhere inside the United States to serve as such examiner, it could have clearly expressed its purpose. Because it has not, and in fact its intent appears to be otherwise stated, I would reverse the order admitting the testimony of Dr. Silcox and remand the cause for further proceedings.[3]
NOTES
[1] Section 458.303(1) exempts from many of the provisions of chapter 458: "(a) Other duly licensed health care practitioners acting within their scope of practice authorized by statute"; and "(b) Any physician lawfully licensed in another state or territory or foreign country, when meeting duly licensed physicians of this state in consultation."
[2] Rule 38F-53.002(3) exempts several categories of health care providers from the requirement of Division certification, including, "(d) Health care providers of medical services rendered outside the State of Florida."
[3] I note that the JCC stated in the final order that "if it is determined that the testimony of Dr. Silcox should not have been admitted, the remainder of the record would have supported a finding of compensability."