KAHN, J.
In this workers’ compensation case, appellant James Bryant challenges a ruling *293 of the judge of compensation claims (JCC) excluding the deposition testimony of an unauthorized treating physician, and the order of the JCC denying compensation. Specifically, Bryant raises three points: (1) the JCC erred in excluding the deposition testimony of Dr. Bollo under Clairson International v. Rose, 718 So.2d 210 (Fla. 1st DCA 1998); (2) the JCC erred in failing to find that the major contributing cause of his Achilles tendinitis was work-related; and (3) the JCC erred in denying all benefits in light of an improper denial of compensability. We affirm the second and third issues without further discussion. On the first issue, we likewise affirm for the reasons stated below.
Bryant worked for Home Depot, the Employer/Carrier (E/C), from December 1996 through June 1, 1998. On April 19, 2000, Bryant filed a petition for benefits claiming that repetitive trauma to his left foot caused bilateral Achilles tendinitis. Bryant chose his then-current treating physician, Dr. Jimmerson, as his independent medical examiner (IME). Bryant also fisted Dr. Bollo, an unauthorized treating podiatrist, as a witness. Dr. Bollo treated Bryant from May 18, 1998, through July 1999. On October 29, 2001, the E/C scheduled and took the deposition of Dr. Bollo for discovery purposes. At the final hearing, on January 15, 2002, Bryant attempted to introduce the deposition testimony of Dr. Bollo, over objection, arguing the E/C waived their objection by failing to object at the deposition or when Dr. Bollo was fisted as a witness. The JCC excluded Dr. Bollo’s testimony pursuant to section 440.13(5)(e), Florida Statutes, because he was not an appointed medical advisor, designated IME, or authorized treating physician, and the deposition was taken for discovery purposes.
In Clairson, this court held that an E/C who failed to object to the competence of an unauthorized treating physician during the deposition could not later challenge the admissibility of the deposition on grounds that the physician was not an appointed medical advisor, designated IME, or authorized treating physician. See 718 So.2d at 213-14; see also § 440.13(5)(e), Fla. Stat. (2002). We emphasized that, had the objection been made during the deposition, it would have given the claimant, who at time of deposition had not designated an IME, an opportunity to designate the unauthorized treating physician as his IME, thus obviating the grounds for objection. See Clairson, 718 So.2d at 214; see also Fla. R. Civ. P. 1.330(d)(3).
In Shea v. Durty Two Inc., 738 So.2d 510 (Fla. 1st DCA 1999), we again reversed where an E/C failed to object either before or at the claimant’s deposition of an unauthorized treating physician. In Shea, as in Clairson, the claimant had not designated an IME prior to the deposition later objected to by the E/C. The concern expressed in both opinions is that the party taking the deposition be afforded an opportunity to cure a deficiency, as by designating the witness as an IME. As noted, Bryant had already selected Dr. Jimmer-son as his IME and had no basis upon which to designate another. Moreover, the burden of objecting to a deposition, on grounds that a physician is unauthorized, is not on the party taking the deposition for discovery purposes when that party has no intention of proffering the deposition as opinion testimony.
Here, the E/C took Dr. Bollo’s deposition to learn more about Bryant’s condition. We see no reason why the E/C would, or could, object to a discovery deposition it had scheduled. A party who schedules a deposition for discovery purposes has no reason to object to that deposition on grounds of physician competence. *294 The rationale behind our decision in Clair-son does not apply to the facts of this case.
AFFIRMED.
ERVIN and PADOVANO, JJ., concur.