659 So.2d 339 (1995)
SOUTHERN BAKERIES and Kemper Group, Appellants,
v.
Corwin COOPER, Appellee.
No. 94-1715.
District Court of Appeal of Florida, First District.
April 11, 1995.
Donald S. Bennett of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellants.
Dean Burnetti of Smith & Burnetti, P.A., Lakeland, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
ALLEN, Judge.
The employer/carrier appeal a workers' compensation order, contending that the judge should have applied section 440.13(5)(e), Florida Statutes (Supp. 1994), so as to exclude certain medical testimony. We conclude that the application of this enactment depends on a new independent medical examination process under section 440.13(5), which alters the parties' substantive rights. Section 440.13(5)(e) therefore does not apply in this case, where the claimant was injured prior to the effective date of the new statute.
The claimant sustained industrial injuries during 1992, and thereafter filed a claim for workers' compensation benefits. The employer/carrier sent the claimant to a doctor whom they chose for a medical evaluation. The claimant was also seen by several doctors whom he chose for medical evaluations. A merits hearing was scheduled, and these doctors were identified in a pretrial list of witnesses.
Section 440.13(5), Florida Statutes (Supp. 1994), subsequently became effective, creating a new independent medical examination process. Under this statute the carrier and the employee may each select an independent medical examiner, but they are then generally bound by their selection. See § 440.13(5)(a) and (b). Other rights and obligations pertaining to the independent medical examination process are also addressed, and section 440.13(5)(e) provides that:

*340 No medical opinion other than the opinion of a medical advisor appointed by the judge of compensation claims or division, an independent medical examiner or an authorized treating provider is admissible in proceedings before the judges of compensation claims.
After these new provisions became effective the claimant saw another doctor whom he chose for a further medical evaluation, and the case proceeded to a hearing. The employer/carrier invoked section 440.13(5)(e), and thereby sought to exclude the testimony of all of the claimant's chosen doctors. Over the employer/carrier's objection, the judge received testimony from these doctors and awarded benefits.
Numerous cases have recognized that the Workers' Compensation Law imposes a contractual obligation between the parties, and that their substantive rights are thus fixed at the time of the accident and injury. E.g., Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960); Litvin v. St. Lucie County Sheriff's Department, 599 So.2d 1353 (Fla. 1st DCA), rev. denied, 613 So.2d 6 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993). Although procedural amendments which merely affect the method of proof are not similarly constrained, e.g., Litvin, and section 440.13(5)(e) would appear to have such limited procedural import if read solely unto itself, this enactment does not apply in isolation. Rather, it depends on other statutory processes relating to medical advisors, authorized treating providers, and independent medical examiners. And while the independent medical examination process under section 440.13(5) may have some procedural aspects, it also effects a change in the parties' substantive rights.
When the claimant was injured section 440.13(2)(b), Florida Statutes (1991), allowed the employer/carrier to schedule an independent medical examination with a health care provider of their choice. The law did not restrict the claimant's ability to obtain medical examinations of his own choice. A testifying expert's witness fee might be assessed as costs, should the claimant prevail in a proceeding at which the expert testified. See Raska v. Glasgow Contracting, 588 So.2d 307 (Fla. 1st DCA 1991); § 440.34(3), Fla. Stat. (1991); see also § 440.31, Fla. Stat. (1991). However, there was no provision which would generally obligate another party to pay for the claimant's chosen medical examination. If there were a conflict in the medical evidence submitted at a hearing, the judge could compel an examination by a disinterested doctor, and assess the related charges as costs in the proceeding. Section 440.25(3)(d), Fla. Stat. (1991). The judge could also order a medical examination pursuant to section 440.29(1), Florida Statutes (1991), without a conflict in the evidence, but the employer/carrier were not obligated to pay for such an examination. Berry Corp. v. Smith, 576 So.2d 1366 (Fla. 1st DCA 1991).
By the time of the hearing in the present case, the Workers' Compensation Law had been extensively revised. The judge's investigative power under section 440.29(1) was unchanged, but the judge's authority was somewhat altered with regard to the consequences of a conflict in the medical evidence. See § 440.25(4)(d), Fla. Stat. (Supp. 1994).[1] Carriers could conduct independent medical evaluations in connection with utilization review under section 440.13(6), Florida Statutes (Supp. 1994), and an independent medical examination process was adopted for maximum medical improvement and permanent impairment disputes. Section 440.1925, Fla. Stat. (Supp. 1994). A new process was also created at section 440.13(5), broadly addressing the parties' general rights to independent medical examinations.
Like the prior law, section 440.13(5)(c) allows the carrier to schedule an independent medical examination. But while the claimant may also select an independent medical examiner, the claimant's attorney may not schedule such a medical evaluation.[2] Section 440.13(5)(c). Should the claimant fail to appear for an independent medical examination, section 440.13(5)(d), Florida Statutes (Supp. 1994), specifies the circumstances in which *341 the claimant may be required to reimburse the carrier for a portion of the doctor's cancellation fee.
Section 440.13(5) does not otherwise address the source of payment for independent medical examinations, but section 440.13(3)(g), Florida Statutes (Supp. 1994), indicates that in the absence of an express statutory provision the claimant is not obligated to pay for medical services under this section. See also § 440.13(14)(a), Fla. Stat. (Supp. 1994). When read together, these several enactments establish that the claimant may obtain an independent medical examination of his own choice without being obligated for the cost of the examination.
In giving the claimant the right to select an independent medical examiner and obtain such an examination without having to pay for this service, section 440.13(5) departs from the prior law under which the claimant could not always avoid such costs. The cases addressing whether a change in the law should be viewed as substantive or procedural have routinely treated the entitlement to a service, and the source of payment therefor, as a matter of substance. See Clay Hyder Trucking v. Atherton, 450 So.2d 318 (Fla. 1st DCA 1984); Webb v. Hills Van Service, 414 So.2d 262 (Fla. 1st DCA 1982); Ship Shape v. Taylor, 397 So.2d 1199 (Fla. 1st DCA 1981). Section 440.13(5) is likewise properly viewed as effecting a substantive change in the law, insofar as it alters the parties' obligation to pay for the claimant's independent medical examination. Section 440.13(5) thus does not apply in the present case, as the claimant was injured before this statute became effective. See, e.g., Sullivan. Because section 440.13(5)(e) depends on this statutory process in restricting the medical testimony, this enactment also does not apply in the present case, as it would necessitate an underlying alteration of the parties' substantive rights.
The appealed order is affirmed.
DAVIS, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] See also § 440.13(9)(c), Fla. Stat. (Supp. 1994); § 440.13(2)(j)3.a, Fla. Stat. (1991).
[2] Independent medical examinations are defined with reference to objective evaluations of the injured employee's medical condition. Section 440.13(1)(k), Fla. Stat. (Supp. 1994).