PER CURIAM.
The claimant has sought review of a non-final order that denied her request for an Independent Medical Examination (IME). Because the briefs and the record in this case indicated that the parties and the judge of compensation claims were operating on the assumption that the applicable law was chapter 93-415, Laws of Florida, which went into effect on January 1, 1994, the parties were ordered to file supplemental briefs addressing the following issues:
1. Whether the applicable statutory law is the law in effect on February 10, 1993, the date of the accident.
2. Assuming that the applicable law is that in effect on February 10, 1993, whether this court has jurisdiction to consider this appeal under the requirements set out in Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993).
Having reviewed the supplemental briefs, we hold that the applicable law in this case is the law in effect on February 10, 1993, the date of the accident, and that the 1993 amendments cited by the parties do not apply. See Southern Bakeries and Kemper Group v. Corwin Cooper, No. 94-1715, — So .2d — [1995 WL 155374] (Fla. 1st DCA April 11, 1995). Because the appellant’s jurisdictional argument is based upon application of the amendments to section 440.13(5) enacted by chapter 93-415, Laws of Florida, we decline to exercise jurisdiction to consider this case under the requirements set out in Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993).
The appeal is therefore DISMISSED. However, before proceeding further, the parties and the judge of compensation claims are advised to carefully review this Court’s opinion in Southern Bakeries v. Cooper.
*635 BARFIELD and KAHN, JJ., concur.
ALLEN, J., concurs in result.