HAWKES, J.
In this workers’ compensation appeal, the Claimant presents four grounds upon which she argues reversal is required. We conclude only one has merit, and reverse. We affirm as to the remaining grounds without discussion.
The Claimant was injured on December 4, 1992. Thus, her substantive rights are fixed by the 1992 version of the Florida Statutes, the law in effect at the time of her accident. See e.g., Southern Bakeries v. Cooper, 659 So.2d 339 (Fla. 1st DCA 1995). At the final hearing, the Claimant sought to introduce the deposition testimony of Dr. Burak, a chiropractor with whom she had been treating for a number of years. The employer/carrier (E/C) objected, arguing that, because Dr. Burak was not a medical advisor appointed by the Judge of Compensation Claims, an independent medical examiner, nor an authorized treating physician, section 440.13(5)(e), Florida Statutes (Supp.1994) barred the admission of his testimony. The E/C further argued this statutory provision was procedural, and could be applied to the Claimant’s date of accident. The JCC accepted both arguments and excluded this testimony. In so doing, the JCC erred.
Section 440.13(5)(e), Florida Statutes (Supp.1994), is substantive in nature and cannot be applied retroactively. See Southern Bakeries, 659 So.2d at 340. Because this statute was not in effect at the time of Claimant’s accident, she is not bound by its restrictions on the admission of medical testimony. See id. at 341. On appeal, the E/C acknowledge the JCC erred by excluding this testimony. However, they argue the exclusion was harmless, because the opinion contained in the excluded testimony was presented through the testimony of an administrative assistant for the employer, who testified Dr. Burak “was the one that put her out on total incapacitated.” We cannot agree.
The Claimant’s proffer of Dr. Burak’s deposition testimony indicates she treated with Dr. Burak from August 1995, through November 1, 1995, and as needed through November 9, 1997. Dr. Burak prepared narrative notes on the course of his treatment and, from a chiropractic standpoint, he did not believe she was capable of working during the period in which she was treated. Dr. Burak opined the Claimant had a 12 to 14 percent permanent impairment rating, and gave a detailed recitation of the Claimant’s injuries and the evidence upon which he based his medical opinion. Clearly, the detail expressed in Dr. Burak’s deposition testimony and narrative notes was not adequately pre *423 sented through testimony that Dr. Burak was “the one that put her out on total incapacitated.” Because Dr. Burak’s testimony indicated Claimant was incapable of working during the course of his treatment, and this testimony was not cumulative, its exclusion was not harmless. The final order is REVERSED, and the case remanded for the JCC to consider Dr. Burak’s testimony.
DAVIS and BROWNING, JJ., concur.