PER CURIAM.
Hillsborough County School Board, the employer/carrier (E/C), appeals a final workers’ compensation order in which the judge of compensation claims (JCC) awarded certain indemnity and medical benefits to appellee, Francisca Suarez (claimant). We affirm all the awards as supported by competent, substantial evidence (CSE), except that authorizing claimant to substitute orthopedist Dr. Dale Bramlet as her one-time change of orthopedic surgeon, because the award fails to follow the procedure prescribed by section 440.13(2)(f), Florida Statutes (2002).
In authorizing the change in orthopedic care from Dr. Umesh Raturi to Dr. Brain-let, the JCC failed to heed the following provisions of section 440.13(2)(f):
Upon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course of treatment for any one accident. The employee shall be entitled to select another physician from among not fewer than three carrier-authorized physicians who are not professionally affiliated.
Although the JCC correctly interpreted the statute as allowing claimant to seek the care of a different physician from the one initially assigned her,[1] he incorrectly failed to follow the statute by permitting claimant to seek the services of Dr. Bram-let without first requesting the E/C’s authorization from a list selected by it of no fewer than three physicians. See, e.g., St. Augustine Marine Canvas & Upholstery, Inc. v. Lunsford, 917 So.2d 280 (Fla. 1st DCA 2005) (the claimant was not entitled to medically necessary treatment by the physician of her choice unless the E/C had refused to provide treatment upon request); City of Bartow v. Brewer, 896 So.2d 931 (Fla. 1st DCA 2005) (the JCC may not order treatment with a specific doctor unless the E/C has failed to promptly provide qualified alternatives upon the claimant’s request).
The portion of the order allowing claimant to substitute Dr. Bramlet as her onetime change in physicians is reversed, and the cause remanded for compliance with the statutory procedure.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, DAVIS and LEWIS, JJ., concur.

. The E/C also asserted that the claimant was denied the right under the statute to seek the change from Dr. Raturi to Dr. Bramlet because she had already been afforded a onetime change to Dr. Raturi from her initially authorized hand specialist, Dr. John Rayhack. The JCC, however, found that the change in treatment was brought about by Dr. Rayhack, not claimant. Because this finding is supported by CSE, the JCC correctly interpreted the statute as permitting the claimant the right to initiate a request for other care, despite having been provided a different specialist from the one originally authorized.