947 So.2d 570 (2006)
Brenda G. BUTLER, Appellant,
v.
BAY CENTER/CHUBB INSURANCE CO., Appellees.
No. 1D06-1235.
District Court of Appeal of Florida, First District.
December 29, 2006.
Rehearing Denied February 5, 2007.
*571 Joey D. Oquist, St. Petersburg, and Bill McCabe, Longwood, for Appellant.
Jack A. Weiss, Fowler, White, Boggs, & Banker, P.A., St. Petersburg, for Appellees.
HAWKES, J.
In this workers' compensation case, Claimant filed a Petition for Benefits (PFB), seeking treatment from a specified pain management physician. The employer-carrier (E/C) timely authorized a different pain management physician and scheduled an appointment on Claimant's behalf, which Claimant refused to attend. After a hearing, the Judge of Compensation Claims (JCC) denied her PFB, finding the E/C had no duty to authorize another pain management physician because Claimant *572 had not received treatment from the physician timely authorized by the E/C. We affirm.
There were two procedural issues before the JCC in this case: (1) Whether the E/C's authorization of Claimant's pain management physician was timely; (2) and if timely, whether Claimant may refuse treatment and immediately request a one-time change in her treating physician. See § 440.13(2)(c), (f), Fla. Stat. (2005).
In workers' compensation cases, a claimant's substantive rights are established by the date of the accident. See Styles v. Broward County School Board, 831 So.2d 212, 213 (Fla. 1st DCA 2002). Substantive law prescribes applicable duties and rights, while procedural law prescribes the means and methods by which these duties and rights are applied and enforced. Russell Corp. v. Jacobs, 782 So.2d 404, 405 (Fla. 1st DCA 2001). Whereas parties have vested rights in the substantive law, they do not have vested rights in the procedure. See id. As such, procedural or remedial changes to law apply without regard to the date of a claimant's accident. See id.
Section 440.13, Florida Statutes (2005), establishes an E/C's duty to ensure an injured claimant receives medical treatment, and it prescribes the procedure for authorizing medical providers. See St. Augustine Marine Canvas & Upholstery, Inc. v. Lunsford, 917 So.2d 280, 283 (Fla. 1st DCA 2005). Accordingly, the 2005 version of section 440.13, controls in this case.
Under section 440.13, the E/C has the initial right and duty to authorize the physician who will treat the injured claimant. See id. Although in some situations an injured claimant may obtain initial treatment by the physician of his or her choosing at the expense of the E/C, this procedural right attaches only after the E/C fails to provide initial treatment or care within a reasonable time after the claimant's specific request has been made known to the E/C. See § 440.13(2)(c), Fla. Stat. However, even then, the E/C is not required to authorize that physician for the claimant. See id. It only requires the E/C to pay the amount personally expended by the claimant for treatment or care that would have been compensable and medically necessary. See id.
Claimant introduced evidence and testified that in April 2005, her physician recommended she receive pain management treatment. The E/C's adjuster testified the E/C was unaware of this recommendation until Claimant filed her PFB on July 22, 2005. In her PFB, Claimant requested authorization for treatment with a specific pain management physician. On August 5, 2006, the E/C authorized an appointment with a pain management physician different from the one Claimant specified. The JCC found the E/C timely authorized Claimant's request for evaluation and treatment with a pain management physician. Here, the record contains competent, substantial evidence to support the JCC's finding of timeliness.
Since the E/C timely offered medical care in response to Claimant's PFB, the JCC could not award the specific physician sought by Claimant. City Of Bartow v. Brewer, 896 So.2d 931, 933 (Fla. 1st DCA 2005)("Section 440.13(2)(c), Florida Statutes, does not authorize the JCC to order treatment with a specific physician, where the E/C promptly offers qualified alternatives.").
Because the treatment was timely authorized, the JCC was required to determine whether Claimant could request a one-time change in her treating physician without first being treated by the authorized physician. A claimant may request "one change of physician during the course *573 of treatment for any one accident." § 440.13(2)(f), Fla. Stat. (Emphasis added). The legislature's use of the language "change . . . during the course of treatment" clearly indicates a claimant must be currently receiving treatment by a physician before she may request a "change." Logically, if a claimant never even attended the initial appointment with the authorized physician, then she cannot "change" that physician because she was never treated by the physician. If never treated, the procedural right to request a one-time "change of physician during the course of treatment" does not attach. Therefore, before requesting another authorized physician, a claimant must at least begin treatment with the physician the claimant seeks to change.
However, even if a claimant had received treatment, a claimant would only be entitled to see the physician of her choice if the E/C failed to provide another physician within five days of receiving her request for another authorized physician. See § 440.13(2)(f), Fla. Stat. Under the 2005 version of the workers' compensation law, the E/C is no longer statutorily required to provide a claimant with the choice of three physicians. Moreover, the language of the statute plainly indicates a claimant may request a change of treating physician only once, no matter the number and variety of treatments needed by a claimant arising from the original accident. The choice of a claimant's authorized treating physician is not a substantive right, but a procedural one gratuitously granted by the Legislature. Consequently, in requesting a one-time change of physician, a claimant risks receiving another physician with whom she may also be unsatisfied.[1]
Here, it is undisputed that Claimant never even attended any appointments with E/C's authorized physician, and thus, did not begin pain management treatment. Therefore, according to the plain language of the statute, Claimant's right to request a one-time change did not attach.
For the reasons stated above, the Judge of Compensation Claims' order, denying Claimant's Petition for Benefits, is AFFIRMED.
THOMAS, J., concurs.
KAHN, J., dissents with opinion.
KAHN, J., dissenting.
I do not quarrel with the majority's construction of section 440.13(2)(f), Florida Statutes (2005). I dissent, however, because I conclude that the statute in effect at the time of the injury controls the present issue. I would reverse.
Interestingly, the parties, as well as the Judge of Compensation Claims (JCC) below, assumed that the 1985 version of section 440.13 would control this case. This assumption carries through in the merits order here under review, as well as in the parties' briefs. Claimant's argument on appeal is that the JCC misconstrued the requirements of the 1985 statute. I agree with claimant's assertion.
In workers' compensation matters, the date of accident determines the substantive law applicable to a claim or issue. See Styles v. Broward County Sch. Bd., 831 *574 So.2d 212, 213 (Fla. 1st DCA 2002). Here, claimant's compensable accident occurred on September 3, 1986. At that time, the statute concerned with furnishing medical care under the workers' compensation law provided:
If an injured employee objects to the medical attendance furnished by the employer . . . it shall be the duty of the employer to select another physician to treat the injured employee unless a deputy commissioner determines that a change in medical attendance is not for the best interests of the injured employee. . . . It is unlawful for any employer or representative of any insurance company or insurer to coerce or attempt to coerce a sick or injured employee in the selection of a physician, surgeon, or other attendant or remedial treatment, nursing or hospital care, or any other service that the sick or injured employee may require . . .
§ 440.13(3), Fla. Stat. (1985). Construing this statute, this court opined:
[I]t is clear that the statute gives the initial right of selection of a treating physician to the employer and carrier. It, however, reserves to claimant the right to reject such selection, require another authorization, or to seek authorization by the deputy for a physician of claimant's choice.
Teimer v. Pixie Playmates, 532 So.2d 37, 40 (Fla. 1st DCA 1988). The Teimer court went on to observe, "Claimant has the right to veto the employer and carrier's selection and compel the employer and carrier to authorize another selection." Id; see also Cal Kovens Constr. v. Lott, 473 So.2d 249, 254 (Fla. 1st DCA 1985) (noting claimant's right to veto E/C's selection of treating physician, and explaining claimant's right to veto E/C's selection vindicates guarantee against coercion contained in section 440.13(2), Florida Statutes). I assume that the majority agreed with this construction of the 1985 statute because it does not simply affirm the JCC, but instead affirms on a "right for the wrong reason" rationale.
The JCC correctly determined the 1985 statute applied here. Nevertheless, she erred in denying the claim, finding "as a matter of law claimant must have some reasonable objection to the physician offered before E/C is required to select another." The JCC's construction of the 1985 statute appears contrary to the law as enunciated by this court, cited in the previous paragraph. If the 1985 statute does control, then the result must be reversal.
As the majority states, if a statute is substantive in nature, the version in force as of the date of injury controls. The specific issue in this case is, of course, whether the right to veto the E/C's choice of a physician is a substantive right or a procedural right. The majority finds the right procedural because, in their view, the applicable portion of section 440.13 merely "prescribes the procedure for authorizing medical providers." Op. at 572. This court, however, has generally viewed a workers' compensation claimant's entitlement to medical services as substantive, not procedural. See, e.g., Russell v. P.I.E. Nationwide, 668 So.2d 696, 697 (Fla. 1st DCA 1996); S. Bakeries v. Cooper, 659 So.2d 339, 340 (Fla. 1st DCA 1995); Gonzalez v. Publix, 654 So.2d 634, 634 (Fla. 1st DCA 1995). We have described as procedural, those changes "which merely affect the method of proof. . . ." S. Bakeries, 659 So.2d at 340.
We have recognized that it is occasionally "difficult to clearly demarcate the distinction between a substantive right and a procedural or remedial enactment." Paulk v. Sch. Bd. of Palm Beach County, 615 So.2d 260, 261 (Fla. 1st DCA 1993). This statement is undoubtedly true. Nevertheless, *575 we should adhere to the Florida Supreme Court's definitive statement as to the distinction between substantive and procedural law: "[S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights." Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994).
In this case, I would conclude that the actual liability of the employer and carrier is affected by the statutory change because, under the old law, the claimant had the right to veto the E/C's choice of a physician. I would distinguish this from a situation where a statutory change impacts only the claimant's method of showing entitlement to the same class of benefits. See, e.g., Litvin v. St. Lucie County Sheriff's Dep't, 599 So.2d 1353, 1355 (Fla. 1st DCA 1992) (explaining that an amendment to the method of obtaining wage loss was procedural where it altered "an evidentiary vehicle which supports such a claim."), review denied, 613 So.2d 6 (Fla.1992), cert. denied, 508 U.S. 913, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993); City of Clermont v. Rumph, 450 So.2d 573, 575 (Fla. 1st DCA 1984) (characterizing as procedural, a "burden-of-proof enactment"). I note the majority's reliance on St. Augustine Marine Canvas & Upholstery, Inc. v. Lunsford, 917 So.2d 280, 283 (Fla. 1st DCA 2005). See op. at 572. This case, however, does not involve the issue before us  whether the statute at hand is substantive or procedural. Moreover, in that case, the version of the statute applied was that in effect at the time of the 2002 injury. See Lunsford, 917 So.2d at 281, 283.
In the present case, I find the claimant's previous right to veto the carrier's selection of a physician is not merely a procedural burden-of-proof matter such as would affect the required showing by the claimant in order to receive such benefit. On the contrary, the right to reject a physician, and require designation of another, speaks to a substantive entitlement as to medical care. Accordingly, the 1985 statute applies. We should reverse because, although the JCC applied the 1985 statute, she construed the statute erroneously. I respectfully dissent.
NOTES
[1] The Legislature intended the workers' compensation system to provide a basic amount of care to injured workers who would otherwise not receive any employer-provided medical care for on-the-job accidents except by action at common law. See Aguilera v. Inservices, Inc., 905 So.2d 84, 89 (Fla.2005) ("Workers' compensation laws provide employees limited medical and wage loss benefits, without regard to fault, for losses resulting from accidental workplace injuries in exchange for the employee relinquishing his or her right to seek common law recovery from the employer for those injuries.") (emphasis added).