PER CURIAM.
 

 In this appeal from an order of the Judge of Compensation Claims (JCC), the Employer/Carrier (E/C) raises four issues and the Claimant raises one issue on cross-appeal. We affirm, without comment, three of the issues raised by the E/C. We reverse and remand the fourth issue for further proceedings. Because of this disposition, we find it unnecessary to reach the issue on cross-appeal.
 

 Following Claimant’s filing of a grievance and subsequent petition for benefits, the E/C offex-ed Claimant, on two occasions, different lists of thi-ee psychiatrists from which to make a selection. In the
 
 *837
 
 order on appeal, the JCC found the E/C failed to “timely schedule an appointment for a psychiatrist to examine and provide medical care and treatment to the Claimant as requested,” citing to
 
 Butler v. Bay Center,
 
 947 So.2d 570 (Fla. 1st DCA 2006). The JCC interpreted
 
 Butler
 
 as providing that “once the employer/carrier ‘authorized an appointment’ with a physician within the requested specialty, the claimant had the obligation to accept care and treatment from the authorized physician.” The JCC then interpreted the phrase “authorized an appointment” to mean that an appointment with a specific physician was “actually scheduled.” The JCC erred in this interpretation.
 
 Butler
 
 does not stand for the proposition that an appointment must be scheduled within the specified time. It requires merely that the appointment be timely authorized.
 

 At times, chapter 440 has required an E/C to offer a claimant a list of at least three physicians from which to select when a one-time change was requested.
 
 See, e.g.,
 
 § 440.13(2)(f), Fla. Stat. (2002). Here, although the Claimant did not request a one-time change, the E/C’s willingness to offer Claimant a choice, as opposed to simply scheduling an appointment, did not represent a failure or a refusal on the E/C’s part to meet its statutory obligation to provide Claimant the requested medical treatment pursuant to section 440.13(2)(c), Florida Statutes (2002).
 
 See, e.g., City of Bartow v. Brewer,
 
 896 So.2d 931, 933 (Fla. 1st DCA 2005) (“Section 440.13(2)(c), Florida Statutes, does not authorize the JCC to order treatment with a specific physician, where the E/C promptly offers qualified alternatives.”). Accordingly, the JCC erred in finding that Dr. Walker was authorized by operation of law because the E/C failed to timely schedule an appointment. On remand, the JCC shall revisit this issue applying the correct law, as set out in this opinion. We note, for purposes of the proceedings on remand, that the relevant evidence as to whether the E/C responded in a timely fashion to Claimant’s request for psychiatric treatment begins with the grievance filed in November 2003.
 

 AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
 

 WEBSTER, DAVIS and LEWIS, JJ., concur.