# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-2755
_____

TERESITA DE JESUS ABREU,

    Appellant,

    v.

RIVERLAND ELEMENTARY
SCHOOL and BROWARD COUNTY
SCHOOL BOARD,

    Appellees.

_____


On appeal from an order of the Judge of Compensation Claims. Geraldine B. Hogan, Judge.

Date of Accident: June 1, 2015.

June 18, 2019


M.K. THOMAS, J.

In this workers' compensation case, the Claimant appeals the denial of shoulder surgery, arguing that section 440.13(9)(c), Florida Statutes, which provides a presumption of correctness to expert medical advisor ("EMA") opinions, is unconstitutional. The Claimant challenges the statutory presumption as violative of separation of powers, equal protection, and due process guarantees of the Florida and federal constitutions. We disagree and affirm.

## I. Facts

In 2015, the Claimant injured her shoulder while at work. The Employer/Carrier ("E/C") accepted compensability of the accident and injury and authorized treatment with Drs. Weinberg, Meli, and Ross. Dr. Weinberg performed an arthroscopic shoulder surgery to address a partial rotator cuff tear. Soon afterward, the Claimant's condition worsened, and she requested and received an alternate orthopedic physician, Dr. Meli. In February 2016, Dr. Meli placed the Claimant at maximum medical improvement ("MMI") and assigned a zero percent permanent impairment rating.

Thereafter, the Claimant reported persistent shoulder pain but Dr. Meli advised he had no further recommendations. As a result, the Claimant discontinued care with Dr. Meli and sought care with Dr. Fletcher, an unauthorized orthopedic physician. Dr. Fletcher recommended the additional surgery, which is now at issue. The E/C authorized Dr. Ross, also an orthopedist, who placed the Claimant at MMI on August 6, 2016, as she had "not made any improvement with physical therapy, injections, or other modalities." Dr. Ross did not recommend further surgery because a shoulder tear "less than halfway through might not lend itself to surgical repair . . ." In his opinion, further surgery was not medically necessary.

The Claimant filed a petition for benefits seeking authorization of shoulder surgery as recommended by Dr. Fletcher. The E/C contested the surgery on grounds that no authorized provider(s) made the recommendation. As Dr. Fletcher was not an authorized treating physician or independent medical examiner ("IME"), his opinions were not admissible.[1] Accordingly, the Claimant obtained an IME with Dr. Aparicio. Dr. Aparicio reported his review of diagnostic studies revealed a full thickness rotator cuff tear which he causally related to the work accident. In

---

[1] Section 440.13(5)(e), Florida Statutes (2015), allows only the opinions of an authorized treating physician, IME or EMA as admissible in proceedings before a Judge of Compensation Claims.

his opinion, additional surgical repair was warranted and medically necessary.

Because of the conflict in medical opinions, the Judge of Compensation Claims ("JCC") appointed Dr. Rozencwaig as an EMA pursuant to section 440.13(9), Florida Statutes. Dr. Rozencwaig opined that the Claimant did not suffer from a full thickness rotator cuff tear and that no further surgery was recommended or medically necessary. Neither the Claimant nor the E/C deposed Dr. Rozencwaig. The EMA report was the sole source of his opinions.

At merits hearing, the Claimant argued the EMA opinion should be rejected as inconclusory, baseless, and not supported by competent, substantial evidence ("CSE") because the request for surgery was based not only on the recommendation of an unauthorized physician, Dr. Fletcher, but also on that of the Claimant's IME, Dr. Aparicio; that the EMA did not perform a thorough examination; and that the EMA opinions should be rejected because there exists clear and convincing evidence to the contrary.

The JCC denied the request for surgery based on the opinion of the EMA, finding that although the Claimant's IME testimony "is persuasive," she was not convinced, "without hesitancy, that the opinions of the EMA are not correct." The Claimant moved for rehearing and to vacate the final order, asserting that the JCC seemingly believed, in error, that the EMA's opinion was irrefutable, that it was instead conclusory, and that clear and convincing evidence existed to reject it. The Claimant moved to reopen the evidence and allow the deposition of the EMA. The JCC denied both motions as an attempt to relitigate issues previously determined. The Claimant now challenges the constitutionality of section 440.13(9)(c), the "EMA statute," which grants a presumption of correctness to EMA opinions and appeals the denial of surgery. [2]

---

[2] On appeal, the Claimant explicitly raises an "as applied" constitutional challenge. However, a "facial" challenge is also addressed in briefing. Accordingly, we consider both.

## II. *Legal Analysis*

### The EMA Statute

The EMA statute provides that EMAs are to be certified "to assist . . . the [JCC] within the advisor's area of expertise," and that EMAs are intended to "provide peer review or expert medical consultation, opinions, and testimony . . . to a [JCC] in connection with resolving disputes relating to . . . differing opinions of health care providers . . . ." § 440.13(9)(a)-(b), Fla. Stat. The statute further provides:

> If there is disagreement in the opinions of the health care providers, if two health care providers disagree on medical evidence supporting the employee's complaints or the need for additional medical treatment, or if two health care providers disagree that the employee is able to return to work, the department may, and the judge of compensation claims shall, upon his or her own motion or within 15 days after receipt of a written request by either the injured employee, the employer, or the carrier, order the injured employee to be evaluated by an expert medical advisor. *The opinion of the expert medical advisor is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the judge of compensation claims.*

§ 440.13(9)(c), Fla. Stat. (2015) (emphasis added).

This Court has previously determined the EMA statute to be substantive because it "affects . . . the entitlement to a service and the source of payment therefor." *Snider v. Mumford, Inc.*, 65 So. 3d 579, 582 (Fla. 1st DCA 2011) (relying on *S. Bakeries v. Cooper*, 659 So. 2d 339, 341 (Fla. 1st DCA 1995)). Thus, the EMA statute cannot be applied retroactively. *Id.*

An EMA is a form of IME. Section 440.13(1)(i), Florida Statues, provides:

> "Independent medical examination" means an objective evaluation of the injured employee's medical condition,

4

including, but not limited to, impairment or work status, performed by a physician *or an expert medical advisor* at the request of a party, a judge of compensation claims, or the department to assist in the resolution of a dispute arising under this chapter.

This Court has acknowledged that IME provisions should not be applied in isolation but must be considered in light of other statutory processes. *Cooper*, 659 So. 2d at 340. Section 440.25(4)(d), Florida Statutes, further provides:

When there is a conflict in the medical evidence submitted at the hearing, the provision of s. 440.13 shall apply. The report or testimony of the expert medical advisor shall be admitted into evidence in a proceeding and all costs incurred in connection with such examination and testimony may be assessed as costs in the proceeding, subject to the provisions of s. 440.13.

Separation of Powers

First, the Claimant raises a constitutional challenge to the presumption of correctness afforded an EMA, asserting it is a "procedural rule" which violates the guarantee of separation of powers; specifically, the presumption infringes upon the supreme court's authority to impose rules governing evidence and interferes with the executive branch's ability to fairly adjudicate workers' compensation claims. The Claimant argues the EMA presumption is impermissible as dictated by the legislative branch to the executive branch and without approval of the supreme court, notwithstanding that workers' compensation proceedings must follow the rules of evidence.

The standard of review for such a constitutional challenge is *de novo. See Medina v. Gulf Coast Linen Servs.*, 825 So. 2d 1018, 1020 (Fla. 1st DCA 2002).

The Florida Constitution expressly provides for separation of powers: "The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of

5

the other branches unless expressly provided herein." Art. II, § 3, Fla. Const. "The [supreme court] has repeatedly held that this constitutional provision requires application of a 'strict separation of powers doctrine . . . which encompasses two fundamental prohibitions:'" *Sloban v. Fla. Bd. of Pharmacy*, 982 So. 2d 26, 29 (Fla. 1st DCA 2008) (quoting *Fla. Dep't of State, Div. of Elections v. Martin*, 916 So. 2d 763, 769 (Fla. 2005)), (1) "that no branch of government may encroach on another branch's power;" and (2) "no branch may delegate its constitutionally assigned powers to another branch." *Chiles v. Children A, B, C, D, E & F*, 589 So. 2d 260, 266 (Fla. 1991).

The Claimant argues the EMA presumption of correctness improperly usurps the rulemaking authority of the supreme court because the supreme court has the power to enact procedural law and the Legislature to enact substantive law. *Delisle v. Crane Co.*, 258 So. 3d 1219, 1224 (Fla. 2018); *Allen v. Butterworth*, 756 So. 2d 52, 59 (Fla. 2000). Furthermore, only the supreme court, not the Legislature or the Office of the Judge of Compensation Claims ("OJCC"), has the authority to promulgate procedural rules of evidence. She contends that the overreaching nature of section 440.13(9)(c) is apparent in comparison to the statutory rules of evidence per Chapter 90, Florida Statutes, which do not impose such restrictions on experts. We disagree.

The supreme court has addressed separation of powers and its rulemaking authority in the context of workers' compensation proceedings. *See Amendments to the Fla. Rules of Workers' Comp. Procedure*, 891 So. 2d 474 (Fla. 2004). The supreme court previously declared, "[w]e conclude that this Court must be removed from this rulemaking process, and the rules this Court has adopted must be repealed as unauthorized under the Florida Constitution." *Id.* at 478. The supreme court specifically receded from its prior opinions which cited article V, section 2(a), of the Florida Constitution as a basis for its rulemaking authority finding: its power under article V extended only to courts; that the OJCC was not a court of this State; and that JCCs are executive branch officials. *Id.* (citing *Jones v. Chiles,* 638 So. 2d 48, 51-52 (Fla.1994)). The supreme court further concluded:

6

[B]y granting this Court the authority to promulgate rules of workers' compensation procedure, the Legislature unconstitutionally enlarged this Court's jurisdiction by delegating to it powers that belong exclusively to the executive branch of government. Were we to conclude otherwise, the Legislature would have the discretion to statutorily alter this Court's jurisdiction under the Florida Constitution.

*Id.* at 479.

Despite the clear declaration of the supreme court in 2004 that it did not have jurisdiction to promulgate rules of workers' compensation procedure, the OJCC may have assumed supreme court adoption of such rules was required under section 440.29(3), Florida Statutes (2010), which stated, "The practice and procedure before the judges of compensation claims *shall be governed by the rules adopted by the Supreme Court*, except to the extent that such rules conflict with the provisions of this chapter." (Emphasis added.) However, section 440.29(3) was subsequently amended in 2011 to provide: "The practice and procedure before the judges of compensation claims shall be governed by rules adopted by the *Office of the Judges of Compensation Claims*, except to the extent that such rules conflict with the provisions of this chapter." § 440.29(3), Fla. Stat. (2011) (emphasis added).

Thus, pursuant to the supreme court and the plain language of section 440.29(3), there exists no statutory or constitutional grant of rulemaking authority to the supreme court in workers' compensation proceedings. Accordingly, the Claimant's argument that the EMA presumption is an unconstitutional infringement on the powers of the supreme court is rejected.

We now address the Claimant's argument that the Legislature's enactment of the EMA presumption violates separation of powers by interfering with the executive branch's ability to fairly adjudicate workers' compensation claims. According to the Claimant, section 440.45(1)(a), dictates that the OJCC is a separate budget entity and the director of the Division of Administrative Hearings ("DOAH") "shall be its agency head for all purposes including, but not limited to, rulemaking . . . and

7

establishing agency policies and procedures." As such, she argues that workers' compensation proceedings fall under the domain of the executive branch of government. In support of her argument, the Claimant asserts Rule 60Q-6.121(1)-(5), Rules of Procedure for Workers' Compensation Adjudications, created by the executive branch, does not require the JCC to reject the opinion testimony of any expert, medical or otherwise, nor does it give any preference to the testimony of an EMA. The Claimant asserts that the presumption is also contrary to the post-2011 amended version of section 440.29(3).

Notably, the Claimant does not challenge the applicability of section 440.13(9)(c) to her date of accident which would require a procedural or substantive review. She acknowledges that this Court declared section 440.13(9) in its broad form to be substantive. *See Snider*, 65 So. 3d at 580-82. Instead, she asserts that subsection 440.13(9)(c), declaring the presumption of correctness to the EMA opinion, in and of itself, constitutes an impermissible, unconstitutional procedural component therein which violates separation of powers. The Claimant argues that sections 440.13(5) and (9) are "impermissible" because a single IME cannot produce the evidence necessary to reach the standard of contrary, clear and convincing evidence sufficient enough to successfully challenge an EMA opinion, and as such, section 440.13(9)(c) cannot take precedence over the rules of procedure, pertaining to evidence, that are promulgated by the supreme court. In support, the Claimant cites to the supreme court's recent holding in *Delisle*, finding the statute imposing the *Daubert*[3] evidentiary standard unconstitutional. *Delisle*, 258 So. 3d at 1229 However, *Delisle* is readily distinguishable as administrative agencies are subject to statutory regulation.[4] *Palm Springs Gen.*

---

[3] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[4] We acknowledge the Florida Supreme Court's opinion in *In Re: Amendments to the Florida Evidence Code*, SC19-107, 2019 WL 2219714 (Fla. May 23, 2019), adopting the *Daubert* amendments to sections 90.702 and 90.704, Florida Statutes, under its exclusive rulemaking authority pursuant to article V, section 2(a) of the

*Hosp. v. Cabrera*, 698 So. 2d 1352, 1356 (Fla. 1st DCA 1997); *Life Care Ctrs. of Am., Inc. v. Sawgrass Care Ctr., Inc.,* 683 So. 2d 609, 612 (Fla. 1st DCA 1996); *Paulk v. Sch. Bd. of Palm Beach Cty*, 615 So. 2d 260, 262 (Fla. 1st DCA 1993) (workers' compensation hearings are not conducted in article V courts).

Here, the Claimant fails to recognize that procedure in a workers' compensation proceeding is subject to statutory regulation,[5] and in this instance, the statutory authority provided to the OJCC is limited "to the extent that such rules conflict with the provisions of this chapter." § 440.29(3), Fla. Stat.

---

Florida Constitution. The Court specifically noted it was not "readdressing the correctness" of *DeLisle*. *Id*. at \*1.

[5] In addition to the EMA statute at issue here, Chapter 440 is replete with examples of the Legislature dictating procedure in workers' compensation actions. Section 440.13(5)(b), the "IME statute," embodies legislative directive on IME application in a workers' compensation proceeding. The subsection dictates, "[e]ach party *is bound by his or her selection* of an independent medical examiner, including the selection of the independent medical examiner in accordance with s. 440.134 *and the opinions* of such independent medical examiner." § 440.13(5)(b) Fla. Stat. (emphasis added). A "consensus IME" is another option available to the parties under section 440.13(5)(g). In defining the consensus IME, the subsection dictates, "[t]he findings and conclusions of such mutually agreed upon consensus independent medical examination *shall be binding* on the parties and *shall constitute resolution of the medical dispute* addressed in the independent consensus medical examination and in any proceeding." § 440.13(5)(g) Fla. Stat. (emphasis added). The legislative intent in implementing the various "IME" statutes was to create a mechanism by which an independent medical expert would offer assistance to the parties and, specifically, "'to the [JCC] when he or she is faced with conflicting medical evidence from the parties' experts.'" *Lowe's Home Ctrs., Inc. v. Beekman*, 187 So. 3d 318, 321 (Fla. 1st DCA 2016) (quoting *Broward Children's Ctr., Inc. v. Hall*, 859 So. 2d 623, 626 (Fla. 1st DCA 2003)). The EMA statute is no different.

9

The heightened burden of persuasion created by section 440.13(9)(c) does not violate the constitution because it falls within the purview of the Legislature regarding evidentiary issues in workers' compensation cases. *Cortina v. State, Dep't of HRS*, 901 So. 2d 273, 274 (Fla. 1st DCA 2005) (holding section 440.13(5)(e)'s limit on admissible medical witnesses to authorized treating IME or EMA does not violate separation of powers because "this court has consistently recognized and upheld the Legislature's prerogative as to evidentiary issues in workers' compensation cases"); s*ee also Home Depot v. Turner*, 820 So. 2d 1075 (Fla. 1st DCA 2002) (upholding statute setting forth burdens of proof for claimant to satisfy in seeking entitlement to permanent total disability benefits); *Rucker v. City of Ocala*, 684 So. 2d 836 (Fla. 1st DCA 1996) (holding claimant's due process rights were not violated by statute excluding testimony by unauthorized treating physician, in part because claimant had other options, such as seeking an IME).

For these reasons, we find that section 440.13(9)(c), does not violate the separation of powers guarantee.

<u>Procedural Due Process</u>

Second, the Claimant challenges section 440.13(9)(c), as an unconstitutional denial of procedural due process in violation of Article 1, section 9, of the Florida Constitution, which provides "[n]o person shall be deprived of life, liberty or property without due process of law . . ." and the Fourteenth Amendment of the U.S. Constitution, which provides that "[no] State shall . . . deprive any person of life, liberty, or property . . . without due process of law." "'Procedural due process rights derive from a property interest in which the individual has a legitimate claim.'" *Rucker*, 684 So. 2d at 840 (quoting *Metro. Dade Cty. v. Sokolowski*, 439 So. 2d 932, 934 (Fla. 3d DCA 1983)).

We acknowledge that an injured employee's right to receive workers' compensation benefits qualifies as such a property interest. *Ayala v. Fla. Farm Bureau Cas. Ins. Co.*, 543 So. 2d 204, 206 (Fla. 1989). Accordingly, an injured employee's right to receive workers' compensation benefits, as a property right, must be protected by procedural safeguards including notice and an

opportunity to be heard. *Hernandez v. Paris Indus. Main.*, 39 So. 3d 466 (Fla. 1st DCA 2010); *Dep't of Law Enforcement v. Real Prop.*, 588 So. 2d 957, 964 (Fla. 1991). The opportunity to be heard must be meaningful, full and fair, and not merely colorable or illusive. *Sokolowski*, 439 So. 2d at 934. "[T]he formalities requisite in judicial proceedings are not necessary in order to meet the due process requirements in the administrative process." *Hadley v. Dep't of Admin.*, 411 So. 2d 184, 187 (Fla. 1982).

Under the EMA statute, unless the JCC determines that clear and convincing evidence exists to the contrary, the EMA opinion prevails to resolve the medical conflict. § 440.13(9)(c), Fla. Stat. Here, the JCC, within her discretion, accepted the opinion of the EMA and denied surgery.

The essence of Claimant's due process argument is that the presumption of correctness is too strong—that requiring a claimant to present clear and convincing evidence to overcome the presumption is an insurmountable task, especially in light of the restrictions on admissible testimony in workers' compensation cases. We cannot agree. The EMA presumption is not irrebuttable and is permitted elsewhere in the law (in civil and criminal contexts), as well as throughout Chapter 440, Florida Statutes. *See* § 440.093(2), Fla. Stat. (requiring mental or nervous injuries to be demonstrated by clear and convincing medical evidence); § 440.09(1) (in occupational disease and repetitive exposure cases both causation and sufficient exposure to support causation must be proven by clear and convincing evidence); § 440.02(1), Fla. Stat. (exposure to toxic substance is not an injury by accident arising out of employment unless there is clear and convincing evidence establishing that exposure to the specific substance involved, at the levels to which the employee was exposed, can cause the injury); § 440.19(4), Fla. Stat. ("If a claimant contends that an employer or its carrier is estopped from raising a statute of limitations defense and the carrier demonstrates that it has provided notice to the employee in accordance with s. 440.185 and that the employer has posted notice in accordance with s. 440.055, the employee must demonstrate estoppel by clear and convincing evidence."); § 440.09(7)(c), Fla. Stat. ("If the injured worker refuses to submit to a drug test, it shall be presumed in the absence of clear and convincing evidence to the contrary that the injury was

occasioned primarily by the influence of drugs."); § 440.11(1)(b), Fla. Stat. (workers' compensation is the exclusive remedy except when an employee proves "by clear and convincing evidence" that the employer committed an intentional tort).

Further, the heightened burden of persuasion does not completely deny the right to present evidence because it still permits notice and opportunity to be heard. *See Rucker*, 684 So. 2d at 841. In *Rucker*, a claimant argued that his due process rights were violated by the IME statute (section 440.13(5)(e)). This Court held the statute did not violate the right to procedural due process because the claimant "was not completely denied the right to present evidence" and "less stringent formalities are needed to satisfy due process concerns" in administrative proceedings such as workers' compensation proceedings. *Id.* at 841. Likewise, the restrictions imposed by the EMA statute do not deny the Claimant the right to present evidence.

Because the Claimant in this case was able to present evidence in the form of her IME, no violation of due process occurred as she was afforded the opportunity to be heard and, thus, was not denied access to court. The Claimant made the strategic decision not to depose the EMA before the merits hearing, despite denial of her motion to strike the EMA opinion. This certainly diminishes her argument that section 440.13(9)(c) essentially forecloses any reasonable means, such as a deposition of the EMA, by which an EMA opinion may be challenged.

Under these facts, due process requirements were satisfied. Accordingly, we reject the contention that section 440.13(9)(c) violates the Claimant's constitutional right to procedural due process under the Florida or federal constitutions.

### Equal protection

Third, the Claimant contends that the presumption of correctness in section 440.13(9)(c), is unconstitutional as a violation of her equal protection rights guaranteed by Article I of the Florida Constitution and the Fourteenth Amendment which provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." The EMA statute

applies equally to claimants and E/Cs alike. Here, the Claimant has failed to pinpoint a classification created by the presumption which runs afoul of equal protection. *Sasso v. Ram Prop. Mgmt.*, 431 So. 2d 204 (Fla. 1st DCA 1983), *decision approved*, 452 So. 2d 932 (Fla. 1984), *appeal dismissed*, 469 U.S. 1030 (1984).

## EMA Opinion

Lastly, the Claimant contends the final order must be reversed because: 1) the EMA's opinion does not constitute CSE regarding the denial of surgery; and 2) clear and convincing evidence contrary to the EMA's opinion exists so the EMA opinion may not be afforded a presumption of correctness. The EMA opined that the Claimant is not a candidate for further surgery. His opinions constitute competent, substantial evidence. The JCC acted within her discretion in denying the surgery based on the presumption of correctness of the EMA opinion as she found no clear and convincing evidence to the contrary.

## III. Conclusion

The presumption of correctness attributed to an EMA pursuant to section 440.13(9)(c), is not an unconstitutional violation of separation of powers, due process, or equal protection guarantees. Enactment of the presumption was not an impermissible encroachment upon the supreme court's rulemaking authority nor that of the executive branch. The presumption does not frustrate the Claimant from introducing medical testimony beneficial to her case, is not irrebuttable, and applies equally to all parties. Accordingly, we uphold the statute facially and as applied in this case. Because CSE supports the JCC's denial of shoulder surgery, we affirm.

AFFIRMED.

B.L. THOMAS, C.J., concurs; ROWE, J., concurs in result only.

———————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

13

_____

Mark L. Zientz of Law Offices of Mark L. Zientz, P.A., Miami, for Appellant.

Laurence F. Leavy of Laurence Leavy and Associates, P.A., Fort Lauderdale, for Appellees.